Argued and submitted June 18, 1986, affirmed February 11, 1987

In the Matter of the Compensation of
Aaron L. Brandner, Claimant.

PINKERTON, INC. et al,
*Petitioners,*

*v.*

BRANDNER et al,
*Respondents.*

(WCB 84-07614, 84-07615; CA A37411)

732 P2d 949

Kenneth L. Kleinsmith, Portland, argued the cause for petitioners. On the brief were Meyers & Terrall, and Scott H. Terrall, Portland.

James L. Edmunson, Eugene, argued the cause for respondent Aaron L. Brandner. With him on the brief was Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem,

argued the cause for respondents Valley Iron & Steel Co., and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Victoria Rudometkin, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioners Pinkerton, Inc., and its insurer, Crawford & Company, seek review of an order of the Workers' Compensation Board which affirmed the referee's holding that claimant had sustained compensable injuries to his knee and his back while working for Pinkerton. We affirm.

Claimant sustained a compensable back injury in 1979 while working at Valley Iron & Steel. He continued to have difficulty with his low back, which resulted in three determination orders granting additional disability and time loss, the latest in August, 1983. To date, he has been awarded 57.5 percent unscheduled permanent partial disability.

Claimant began work for Pinkerton as a security guard on June 4, 1984. He testified that on June 13, while making rounds as a security guard at a mill, he heard a noise in the mill. He stated that he started down the stairs outside the mill, stepped on a cat and fell down the stairs. At the time, only his left knee hurt. However, the next morning his back hurt. Pinkerton accepted the knee claim and denied the back claim on June 26, 1984. Then, on October 4, 1984, Pinkerton issued a "back-up denial" of the knee claim.

Petitioners argue that the Board erred in holding that they could not deny the claim for the left knee. Under *Bauman v. SAIF*, 295 Or 788, 679 P2d 1027 (1983), an employer cannot deny the compensability of an accepted claim more than 60 days after receiving notice of the claim, without a showing of fraud, misrepresentation or other illegal activity. Petitioners contend that claimant misrepresented the facts because "all of the circumstances" show that claimant fabricated the claim for the fall. Petitioners point to claimant's background of claims made for back problems shortly after each return to work, the substantial disability benefits that he has received and his failure in vocational assistance programs as evidence that he misrepresented the facts. Petitioners also argue that his credibility is questionable because of inconsistencies between his testimony and that of other witnesses.

Petitioners have the burden of proving that a misrepresentation occurred. They have not met that burden. The medical reports support a finding that a fall occurred, and petitioners produced no evidence to discredit the doctor's

findings. Further, the referee found that the inconsistencies in the testimony were not significant and, by accepting claimant's version of the facts, impliedly found claimant credible. We give substantial weight to a referee's findings regarding credibility. *Condon v. City of Portland,* 52 Or App 1043, 629 P2d 1324, *rev den* 291 Or 662 (1981). Petitioners did not prove that a misrepresentation occurred and, therefore, its denial was not justified.

■       Petitioners also argue that claimant's back condition was either an aggravation or a continuation of his previous condition. In either instance, Pinkerton would not be responsible. However, the evidence shows that claimant had recovered from his previous injury sufficiently to assume a job with Pinkerton. Dr. Redfield, the treating physician, concluded that the fall "materially and independently" contributed to claimant's low back disability. Pinkerton is responsible for the back injury which occurred during its employment and which contributed independently to claimant's disability. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984); *Home Ins. Co. v. EBI Companies,* 76 Or App 112, 708 P2d 1157 (1985).[1]

Affirmed.

---

[1] We find no error in the award of attorney fees to claimant.