Argued and submitted June 24, reversed and remanded for reconsideration
September 7, 1988

In the Matter of the Compensation of
Lawrence W. Miller, Claimant.
## LIBERTY NORTHWEST INSURANCE CORP.,
*Petitioner,*

*v.*

## MILLER et al,
*Respondents.*

(WCB 86-09172, 86-09651; CA A46110)

761 P2d 1

Phillip Nyburg, Roseburg, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Elton T. Lafky, Salem, waived appearance for respondent Miller.

Before Warden, Presiding Judge, and Deits and Graber, Judges.

GRABER, J.

Warden, P. J., dissenting.

### GRABER, J.

Liberty Northwest Insurance Corp. (Liberty) seeks review of an order of the Workers' Compensation Board that affirmed the referee's order. That order directed Liberty to accept, and approved SAIF's denial of, the claim. The sole issue is responsibility. On review for substantial evidence and errors of law, ORS 656.298(6), we reverse and remand.

On June 14, 1983, claimant compensably[1] injured his back while working for Bohemia, Inc., which was then insured by SAIF. He was off work for a short time. He returned to his job in February, 1984, but experienced more pain and missed more time from work. His back was treated conservatively and showed some improvement. Liberty replaced SAIF as Bohemia's insurer on July 1, 1984. In July, 1985, claimant returned to work for Bohemia, but the pain in his back gradually increased. It was bothering him so much by February 23, 1986, that he could no longer continue working.

Claimant filed a new claim, which both SAIF and Liberty denied, even though both insurers agreed that the claim was compensable. The referee and the Board concluded that Liberty was responsible. Liberty argues on review that the referee and the Board failed to apply the correct legal analysis. We agree.

Liberty is responsible only if claimant's employment after July 1, 1984, independently contributed to a worsening of his condition. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 244, 675 P2d 1044 (1984); *Hensel Phelps Const. v. Mirich,* 81 Or App 290, 294, 724 P2d 919 (1986). Here, however, the referee and the Board applied only the second part of the test, that is, whether there was a worsening of the claimant's underlying back condition.[2] Accordingly, we remand to the

---

[1] The parties, the referee, and the Board appear to agree, but do not explicitly state, that the 1983 injury was compensable.

[2] The dissent points out, correctly, that the *findings of fact* that the referee made and that the Board adopted *would* support a conclusion that claimant's employment after July 1, 1984, independently contributed to his condition. Neither the Board nor the referee, however, actually drew any conclusion about independent contribution from those findings or articulated any reasons why they would support such a conclusion. *See McCann v. OLCC,* 27 Or App 487, 503, 556 P2d 973, *rev den* (1977). That being so, the order is deficient, because we are not free to supply necessary conclusions that the Board has failed to make. *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988).

Board for application of the correct legal standard. *See* ORS 656.298(6); ORS 183.482(8).

Reversed and remanded for reconsideration.

**WARDEN, J.,** dissenting.

The majority opinion correctly states the two requirements necessary to finding that Liberty is the responsible carrier: "if claimant's employment after July 1, 1984, independently contributed to a worsening of his condition." 93 Or App at 40. The majority then asserts, however, that neither the referee nor the Board considered the first requirement. The record indicates otherwise.

The February 13, 1987, referee's opinion held that claimant's underlying condition had worsened since July 1, 1984; that was based on medical reports from Dr. Warner. The referee states that he places more weight on Warner's opinion than on other medical testimony, because Warner is claimant's treating physician. His findings of fact also quote Warner:

"There can be no question that since July 1984, his work subsequent to that time has indeed significantly contributed to his underlying condition and his current need for treatment and current time loss. He was performing job duties that were, in my opinion, beyond his ability recently in an effort to stay employed. There can be no question that these job duties have worsened his underlying condition."

Quotation of Warner's statements on worsening makes little sense unless he also adopted Warner's quoted opinion on causation. His opinion suggests no alternate explanation, and he expressly relied on Warner's opinion. Therefore, I would conclude that the referee addressed both requirements and made adequate findings on both. I would affirm the Board's affirmance of the referee, and I therefore dissent.