Argued and submitted April 30, affirmed September 8, 1993

In the Matter of the Compensation of
Eldon Burbank, Claimant.

Eldon BURBANK,
*Petitioner,*

*v.*

SEE DESIGN & PRODUCTION,
North Pacific Insurance Company,
North Metro RV Center
and SAIF Corporation,
*Respondents.*

(90-14100 & 89-25312; CA A75891)

858 P2d 922

Glen H. Downs, Portland, argued the cause for petitioner. With him on the brief were Gerald C. Doblie and Doblie & Associates, Portland.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents North Metro RV Center and SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondents See Design & Production and North Pacific Insurance Company.

Before Deits, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

■ Claimant seeks review of an order of the Workers' Compensation Board holding that SAIF, as processing agent for the noncomplying employer, is not responsible for claimant's back condition. The Board's decision is supported by substantial evidence, and we therefore affirm it.

In 1983, claimant compensably injured his low back while working for See Design & Production, Inc. (See), and doctors diagnosed a disc condition at L5-6. See was insured by North Pacific Insurance Company. While employed by See, claimant had four back surgeries, which included a fusion at L5-6. In 1989, he began to work for Metro North RV Center (Metro), selling parts. While lifting a canopy, he felt pain in his low back and left hip. Dr. Poulson reported that claimant's fusion at L5-6 was not solid and recommended surgery. Claimant filed a claim with Metro, which was, at that time, a noncomplying employer. SAIF, as processing agent, denied responsibility for the claim. The Board found that claimant's work at Metro had not worsened his underlying back condition and held that See remained responsible for the claim.

There is substantial evidence to support the Board's finding that claimant's employment at Metro did not independently contribute to his disc condition. Poulson testified that claimant's earlier surgeries had never resulted in a solid fusion of his discs, that claimant had not suffered a protruded disc as a result of the October, 1989, incident and that he had found no neurological changes in claimant's back. Although Poulson's written reports contain statements that might be read to indicate that claimant's condition had worsened, considering Poulson's opinion in its entirety, the Board was entitled to find that the October, 1989, incident had merely resulted in an increase in symptoms.

■ The Board stated in its opinion:

"[W]e agree with the Referee that claimant has failed to establish that he experienced a worsening in October 1989 sufficient to shift responsibility to the later employer."

Claimant contends that the Board erred in assigning to him, rather than to See, the burden to prove that his employment at Metro had worsened his condition. We agree with SAIF that claimant mischaracterizes the Board's statement. In his

brief to the Board, *claimant* contended that Metro, not See, was responsible for his condition. As the party seeking to shift responsibility to a later employer, claimant had the burden to show that his employment at Metro independently contributed to his condition. *Hensel Phelps Const. v. Mirich*, 81 Or App 290, 724 P2d 919 (1986).[1] In the statement quoted, the Board simply concluded that the evidence did not support claimant's contention.

Claimant argues that the Board's order is internally inconsistent because, on the one hand, it notes and adopts the referee's determination that SAIF's denial of compensability should be set aside, but on the other hand, it upholds SAIF's denial of responsibility and finds the entire denial to have been reasonable. We conclude that, reading the Board's order in its entirety, it is clear that the Board treated SAIF's denial of compensability and responsibility as a single denial and concluded that SAIF had acted reasonably.[2] The evidence supports that determination.

Claimant asserts, finally, that SAIF's denial was unreasonable, because it did not comply with the provisions of ORS 656.262(8), regarding the content of the notice of denial. The issue was not raised before the Board, and we will not consider it here.

Affirmed.

---

[1] This case is not subject to the 1990 legislative amendments.

[2] SAIF issued one denial, stating that claimant's "injury did not arise from * * * employment at [North Metro]. Therefore, without waiving any further questions of compensability, we must deny your claim."