Argued and submitted July 7, 1983, affirmed January 10, petition for rehearing denied
February 22, 1984

In the Matter of the Compensation
of Terry L. Starbuck, Claimant.

BOISE CASCADE CORPORATION,
*Petitioner on review,*

*v.*

STARBUCK et al,
*Respondents on review.*

(CA A23754; SC 29434)

675 P2d 1044

Brian L. Pocock, of Cowling, Heysell & Pocock, Eugene, argued the cause and filed a brief and petition for petitioner on review.

Darrell E. Bewley, Salem, argued the cause and filed a brief for respondent SAIF Corporation.

No appearance for Respondent Starbuck.

PETERSON, C. J.

## PETERSON, C. J.

This workers' compensation case involves a back injury sustained in one employment followed by a worsening of the condition during a later employment. The first employer, Boise Cascade Corporation, was held to be the responsible employer and seeks review in this court, invoking the last injurious exposure rule. It claims that even though there was no "definable accident or event" in the later employment, the later employer nonetheless is liable under the last injurious exposure rule because the working conditions in the later employment were capable of causing the disability. Under *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 568, 491 P2d 997 (1971), the findings of fact of the Court of Appeals are binding upon us, and our review is limited to errors of law. We therefore briefly restate the history and the pertinent findings of that court.

Claimant hurt his back in January, 1978, while employed by Boise Cascade. He filed an injury claim and was paid for medical expenses incurred. He lost no time from work and asserted no disability claim.

Claimant left his job with Boise Cascade in June, 1978, and started working for Northwest Quality Cabinets (Northwest) in August, 1978. The Court of Appeals opinion described his later back problems as follows:

> "* * * He testified that there was no single, identifiable, injurious incident at Northwest, but that lifting cabinets may have irritated his back. The lifting was occasional, involving weights of about 50 to 60 pounds. He stated that his low-back condition gradually worsened from January, 1978, to January, 1979. In December, 1978, he fell over several times when his leg folded up under him because it was numb. He sought further medical treatment in January, 1979, and was diagnosed as having a herniated disc. He underwent surgery in February, 1979." *Boise Cascade Corp. v. Starbuck,* 61 Or App 631, 633, 659 P2d 424 (1983).

The Court of Appeals noted that claimant had no history of back trouble before his injury at Boise Cascade and stated that "[t]he preponderance of the evidence establishes not that claimant's work exposure at Northwest actually contributed to his back disability, but only that it could have." 61 Or App at 639. The Court of Appeals found

"'* * * that claimant's back condition was a recurrence or worsening of the original injury; that is, that [there] was no second injury, and the second employment did not independently contribute to the condition. Boise is the responsible employer." 61 Or App at 641.

Boise Cascade claims that because the conditions at Northwest "were capable of causing" the plaintiff's back problems, under the last injurious exposure rule stated in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982), Northwest is the responsible employer.

■   In Oregon, as in most states, the last injurious exposure rule arose in an occupational disease context. We first applied it in a case involving a hearing loss claim. *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980).[1] In an occupational disease context, the rule is this: If a worker establishes that disability was caused by disease resulting from causal conditions at two or more places of employment, the last employment providing potentially causal conditions is deemed to have caused the disease. The result is that, once the requirement of some contributing exposure has been met, the last employer is liable even though the worker has not proved that the last employment was the actual cause of the disability. 288 Or at 342-43. *Accord, Bracke v. Baza'r, supra,* 293 Or at 244-249. *See also* 4 Larson, Workmen's Compensation Law §§ 95.00-95.21 (1983).

Since *Inkley,* this court has applied the rule in a number of occupational disease cases, but we never have applied the rule in a case involving a claim of disability arising from successive injuries or, as here, in a case involving an injury followed by exposure to conditions of employment which could have contributed to the disability.

Claimant relies on language in *Bracke v. Baza'r, supra. Bracke* involved a claim of disability arising from an occupational disease, meat wrapper's asthma. The opinion contains these statements:

---

[1] In *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980), the parties agreed that "liability should be determined according to the last injurious exposure rule." 288 Or at 344. In *Bracke v. Baza'r,* 293 Or 239, 242, 646 P2d 1330 (1982), we stated that the rule was adopted in *Inkley.* Whether or not the rule originally was adopted in *Inkley,* it is now an established rule in Oregon.

"The common reference to the rule as if it were unitary is somewhat misleading. There are at least two last injurious exposure rules, each serving a different function in different types of cases. One is a substantive rule of liability assignment; another is a rule of proof. The dichotomy is evident in the caselaw and in Larson's text, although it has not, to our knowledge, been previously expressed.

"The substantive rule of liability is perhaps the most common. It operates to assign liability to one employer in cases of successive, incremental injuries. The rule serves as a substitute for allocation of liability among several potentially liable employers, each of whom would otherwise be liable for a portion of the disability. Typically in such cases, causation is readily determinable, but the task of allocation among several partially liable employers would be difficult and impractical. For example, where a worker suffers successive back injuries while working for successive employers, it would be difficult to determine the exact proportion of the resulting disability attributable to each employer. Allocation would also require undesirably duplicative and costly litigation. Instead, the rule assigns liability for the entire aggregate disability to the employer at the time of the last injury and dispenses with the need for allocation. * * *.

"The other rule, the rule of proof, was the basis of our decision in *Inkley*. There, the claimant suffered incremental hearing loss caused over a period of time when claimant was subjected to conditions which could cause the disability. During that period, however, his employment was insured by successive insurers. It could not be determined whether employment under the last insurer actually caused any additional hearing loss. This court held that the last insurer would be liable for the entire disability if the conditions of employment were of a nature which could have contributed to the disability. In such a case, the last injurious exposure rule was applied not only as a substitute for allocation, as in the first class of cases, but also for an altogether different purpose: to relieve the claimant of the 'burden of proving medical causation,' as to any specific insurer, 288 Or at 345. Thus, it is seen that one rule is to efficiently assign liability and another distinct rule fulfills a requirement of claimant's burden of proof." (Footnotes omitted.) 293 Or at 245-46.

The opinion states that the last injurious exposure rule applies to cases of occupational disease as well as injury cases. 293 Or at 248. The *Bracke* opinion also makes clear that the rule has a dual function: It assigns liability between

employers; and it eases the claimant's burden of proof by relieving the worker of the burden of proving specific causation as to one of several potentially liable employers.

■     When, as here, the evidence shows that a disability[2] is caused solely by an injury occurring during an earlier employment, there is no reason to apply the rule. As in *Bracke,* the finding that the earlier employment caused the disability obviates the need for the rule. By summarizing the results of our previous decisions applying the rule, the inapplicability of the rule in this case is apparent.

■     (1)   In an occupational disease context, if a worker's disability results from exposure to potentially causal conditions in multiple employments and the onset of the disability is during a later employment or thereafter, the last employment providing such conditions is deemed proved to have caused the disease even though the claimant has not proved that the conditions of the last employment were the actual cause of the disease and even though a previous employment also possibly caused the disease. *Fossum v. SAIF,* 293 Or 252, 646 P2d 1337 (1982), is such a case. *Accord, Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980); *see also Bracke v. Baza'r, supra,* 293 Or at 249.

■     (2)   In an occupational disease context, if a disease is contracted and disability occurs during one employment as a result of conditions of that employment, even though work conditions of a later employment could have caused that disease, the earlier employer is liable if the later employment "did not contribute to the cause of, aggravate, or exacerbate the underlying disease." *Bracke* is such a case, 293 Or at 250.

■     (3)   In a successive injury context, if an on-the-job compensable injury and a later off-the-job injury materially contribute to a disability, the last injurious exposure rule does not operate to free the employer from responsibility to pay disability benefits. *Grable v. Weyerhaeuser Company,* 291 Or 387, 402, 631 P2d 768 (1981), is such a case. *Compare, Peterson v. Eugene F. Burrill Lumber,* 294 Or 537, 543, 660 P2d 1058

---

[2] We use the term "disability" throughout the remainder of this opinion because almost all cases applying the last injurious exposure rule are claims for a disability award. The doctrine also might be applicable to claims for medical benefits. ORS 656.245.

(1983) (rule does not apply under successive injury theory unless evidence shows a second injury materially contributes to disability).

■       (4)  In the situation where a compensable injury at one employment contributes to a disability occurring during a later employment involving work conditions capable of causing the disability, but which did not contribute to the disability, the first employer is liable. In *Bracke,* the disability was caused by and arose during the first employment. Even though the conditions of the later employment were capable of causing the disability, the later employer was not liable because that employment did not contribute to the disability. In the case at bar, as well, the later employment did not contribute to the disability; responsibility is properly placed upon the employer whose employment caused the disability.

■       The last injurious exposure rule is not intended to transfer liability from an employer whose employment caused a disability to a later employer whose employment did not.[3] Once a worker proves that the disability is work-related, he or she need not prove that any one employment caused the disability. The rule accomplishes that and makes liable the last employer whose conditions of employment might have caused the disability. However, the rule does not prevent a worker from proving that an earlier employment caused the disability; nor does it prevent an employer from proving that the claimant's disability was caused by a different employment or that the disability did not arise from any work-related injury.

■       In a procedural context, if a worker presents substantial evidence of successive work-related injuries causing disability, a prima facie case for recovery from the last employer is made out. Either or any employer against whom a claim is made still can present evidence to prove that the cause of the worker's disability is another employment or a cause

---

[3] In some cases, a worker might assert a disability claim against two employers and establish the claim against the later employer by application of the last injurious exposure rule. That would not prevent the later employer from proving that the earlier employment was the sole cause in fact of the disability, in which event the earlier employer would be liable to the worker. But, as *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982), makes clear, the worker is not compelled to invoke the rule. The worker always has the option of proving that an earlier employment caused the disability.

unrelated to the employment. In such a case, the trier of fact decides the case on the basis of the evidence presented. If the trier of fact is convinced that the disability was caused by successive work-related injuries but is unconvinced that any one employment is the more likely cause of the disability, the finding is for the worker against the last employer whose employment may have caused the disability. On the other hand, if the trier of fact is convinced that the disability was caused by an earlier injury, or was not work related, such a finding may be made.

True, there is evidence in this case that straining and lifting at the later employment concurred with the first injury to cause the disability. Had the trier of fact made that finding, the second employer would be liable.[4] But the trier of fact (in this case, the Court of Appeals) concluded otherwise, and we are bound by that finding.

The Court of Appeals is affirmed.

---

[4] The referee made such a finding and ruling. The Board and the Court of Appeals found otherwise, that claimant sustained no injury, new or otherwise, while employed by Northwest. There is evidence to support their findings.