Argued and submitted February 7, affirmed September 10, 1986

In the Matter of the Compensation of
Michael D. Mirich, Claimant.
HENSEL PHELPS CONSTRUCTION et al,
*Petitioners,*

*v.*

MIRICH et al,
*Respondents.*

(84-00644 & 83-08999; CA A37006)

724 P2d 919

Allan M. Muir, Portland, argued the cause for appellant. With him on the brief were Ronald C. Holloway and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Cynthia L. Barrett, Portland, argued the cause for respondent Mirich. With her on the brief was Fellows, McCarthy, Friedman, Odman & Barrett, Portland.

Jas. Adams, Portland, argued the cause for respondents Kalt Manufacturing and Western Employers. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Hensel Phelps Construction (Phelps) seeks review of a Workers' Compensation Board order which affirmed the referee's order holding it responsible for claimant's back condition. The issue is whether claimant suffered an aggravation (the responsibility of Phelps) or a new injury (the responsibility of Kalt Manufacturing Company (Kalt)). We affirm.

On April 4, 1980, claimant suffered a dorsal lumbar strain while working for Phelps. He was awarded temporary but not permanent disability compensation. In the interval between recuperating from the Phelps injury and beginning at Kalt, claimant worked as a landscaper, did construction work and painted parking lots. Reports from his treating physician, Dr. Ho, reflect that on occasion he experienced back discomfort during those activities. In February, 1983, he began working at Kalt. The job required the handling of floors for walk-in freezers. Claimant and another employer placed floors ranging in weight from approximately 80 to 200 pounds in and out of a press. It was repetitive work. On July 25, 1983, claimant saw Dr. Cockburn for back pain. Cockburn diagnosed musculoligamentous thoracic and lumbar strain. Claimant was off work one week. No single event precipitated the back problems in July. Both Phelps and Kalt denied compensation for that episode.

Cockburn believed that claimant's underlying back condition had not worsened, but that his symptoms had. In March, 1984, Ho stated that claimant's back symptoms in 1983 "in all probability arose from his [1980] injury." Ho later reported that claimant's work activity at Kalt independently contributed to claimant's need for treatment in the summer of 1983.

The referee held that claimant suffered an aggravation that was Phelps' responsibility:

"In June, 1981, Dr. Ho reported that claimant could not return to work requiring repetitive or strenuous use of the back. That was precisely the kind of work he did at Kalt. No injury occurred at Kalt. The repetitive work did, however, over a period of time cause increased pain that finally compelled claimant to see a doctor.

"No new or different findings were noted in July 1983 and the diagnosis remained the same. In September 1983 Dr. Ho observed that the reason for claimant's symptoms was basically because he was reaching the limits of his tolerance for heavy work.

"The conclusion from all this evidence is that the effect of the original injury continued and no injury occurred at the second period of employment that contributed independently; but rather that the disability was caused by the persistence of the original condition precipitated by exertion on the second job."

The Board affirmed.

■   As a preliminary matter, we reject Kalt's contention that the Board's decision was correct because there was no new "incident" at Kalt. In *Boise Cascade v. Starbuck,* 296 Or 238, 240, 675 P2d 1044 (1984), the first employer argued that, even though there was no "definable accident or event" at the later employment, the later employer nonetheless was liable under the last injury rule, because the working conditions at the later employment were capable of causing the disability. The court held the first employer liable, stating:

"True, there is evidence in this case that straining and lifting at the later employment concurred with the first injury to cause the disability. Had the trier of fact made that finding, the second employer would be liable. But the trier of fact (in this case, the Court of Appeals) concluded otherwise, and we are bound by that finding." 296 Or at 245. (Footnote omitted.)

Because the court indicated that the second employer would be liable if there had been an independent contribution, even though there was no "definable accident or event," there is no requirement that there be a "definable accident or event" to hold that later employer liable. *Accord, Home Ins. v. EBI Companies,* 76 Or App 112, 118, 708 P2d 1157 (1985). However, the Board's decision was correct for another reason.

■   In successive injury cases, we apply Larson's last injury rule:

"The 'last injurious exposure' rule in successive injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

"If the second injury takes the form merely of a recurrence

of the first, and if the second incident does not contribute even slightly to the *causation* of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. *In this class would fall * * * the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.*

"On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition." *Smith v. Ed's Pancake House,* 27 Or App 361, 364-65, 556 P2d 158 (1976) (emphasis supplied) (*quoting* 4 Larson, *Workmen's Compensation Law* § 95.12 (1976)); *see also Home Ins. Co. v. EBI Companies, supra,* 76 Or App at 117.

The facts of this case fit squarely within Larson's back injury example. The weight of the medical evidence is that claimant's work activities at Kalt did not independently contribute to the *causation* of the disabling condition, *i.e.,* to a worsening of the underlying condition. Claimant continued to have back pain after closure of the first claim. That period of continuing symptoms culminated in a second period of disability precipitated by his work at Kalt.

Phelps argues that the issue is not whether claimant's work activity at Kalt contributed to a worsening of claimant's underlying condition but, instead, whether that work activity contributed to the disability. We understand employer to argue that a worsening of symptoms alone is enough to shift responsibility, if the symptoms cause disability. We disagree. If worsened symptoms alone were enough to place responsibility on the second employer, then the first employer would never be responsible. That is contrary to our holding in *Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633, *rev den* 301 Or 338 (1986). There must be a worsening of the underlying condition. *See Crowe v. Jeld-Wen,* 77 Or App 81, 87, 712 P2d 145 (1985), *rev den* 301 Or 76 (1986); *SAIF v. Brewer,* 62 Or App 124, 128-29, 659 P2d 988 (1983). The Board and the referee did not err.

Affirmed.