Argued and submitted April 10, reversed and referee's order reinstated July 22, 1987

In the Matter of the Compensation of
Michael P. Dundon, Claimant.
MISSION INSURANCE COMPANY et al,
*Petitioners,*

*v.*

DUNDON et al,
*Respondents.*

(84-08785 and 84-08786; CA A40182)

739 P2d 1069

Marianne Bottini, Portland, argued the cause for petitioners. With her on the briefs was Bottini, Bottini & Lehner, Portland.

H. Scott Plouse, Medford, argued the cause and filed the

brief for respondents Crawford Logging and Loggers Assurance Company.

No appearance for respondent Dundon.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Mission Insurance Company (Mission) and Wood Contractors (Wood) seek review of a Workers' Compensation Board order holding them responsible for claimant's right knee injury. The issue is whether claimant suffered an aggravation (the responsibility of Mission and Wood) or a new injury (the responsibility of Loggers Assurance Company (Loggers) and Crawford Logging (Crawford)). We hold that Loggers and Crawford are responsible and reverse.

Claimant was originally injured on February 25, 1984, while employed by Wood. He was attempting to negotiate a rock face when he slipped and fell down a slope, striking the outside of his right knee on a rock. Although claimant managed to finish the day's work, the pain in his knee convinced him that he needed to see a doctor. He first saw Dr. Ross, who referred him to Dr. Schachner, an orthopedic surgeon. On March 21, Schachner examined him, suggested resistive and limbering exercises and gave him a tentative work release date of March 26.

On March 26, claimant went to work for Crawford. On April 11, he again hurt his right knee when he jumped to the ground from a caterpiller tractor. His original injury caused problems on the outside side of his right knee. Those complaints had not completely resolved by the time of the Crawford incident. After the second fall, claimant had new complaints on the inside of his right knee, in addition to a worsening of pain on the outside of the knee.

Mission and Crawford denied responsibility. The referee ruled that the second injury "constitutes a new and intervening injury which absolves the original carrier from further responsibility for either the ongoing lateral right knee problems or ongoing medial right knee problems." The Board reversed, holding that claimant had suffered an aggravation which was the responsibility of Mission. On *de novo* review, we agree with the referee.

In successive injury cases, the first employer remains responsible if the second injury takes the form of a recurrence of the first and the second incident did not contribute to the causation of the disabling condition. If, on the other hand, the second incident independently contributed, however slightly,

to the causation of the disabling condition, the second employer is solely responsible.[1] *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 244, 675 P2d 1044 (1984); *Hensel Phelps Const. v. Mirich,* 81 Or App 290, 294, 724 P2d 919 (1986). In his deposition, Schachner testified:

"Q: All right, and in your opinion, he sustained an injury on [April 11, 1984,] different in nature than the condition he presented on March 26, 1984?

"A: I felt he had new components to the injury as well as components related to the previous injury.

"Q: All right. Given the mechanism of injury he indicated to you * * * would what he said occurred in and of itself constitute an injury even if in the absence of the February incident?

"A: That has always been my point that I felt that the mechanism sustained in April was sufficient force to generate a series of complaints independent of the February injury.

"* * * * *

"Q: Did the April [11], 1984, injury contribute, in your opinion, to the outside strain as well as to the injury?

"A: Yes.

"Q: It contributed independently?

"A: Independently and as a source of aggravation."

That uncontroverted testimony establishes that the second injury both aggravated the old injury *and* contributed independently to claimant's right knee condition. Because even the slightest independent contribution is sufficient to shift responsibility to Crawford and Loggers, the Board erred in reversing the referee.[2]

Reversed; referee's order reinstated.

---

[1] This is the last injurious exposure "rule of liability," which avoids the difficult and often impractical task of allocating responsibility between two or more partially liable employers. There is also a "rule of proof," which is not involved in this case. *See Bracke v. Baza'r,* 293 Or 239, 246, 646 P2d 1330 (1982); *see also Runft v. SAIF,* 303 Or 493, 739 P2d 12 (1987).

[2] The Board apparently believed that the contribution had to be material. However, *Boise Cascade v. Starbuck, supra,* makes it clear that *any* contribution, however slight, suffices to shift responsibility to the second employer.