Argued and submitted November 6, 1987, reversed and referee's order reinstated February 10, 1988

In the Matter of the Compensation of
Clara J. Spurlock, Claimant.

SPURLOCK,
*Petitioner,*

*v.*

INTERNATIONAL PAPER COMPANY,
*Respondent.*

(WCB 85-03381; CA A43109)

749 P2d 611

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Malagon & Moore, Eugene, and Karen M. Werner, Eugene.

Paul Roess, Coos Bay, argued the cause for respondent. With him on the brief were Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order that reversed a referee's order awarding her scheduled permanent partial disability and holding that International Paper Company (IP), a self-insured employer, is responsible for payment. We review *de novo* and reverse.

Claimant worked for IP from 1966 to 1981 as a dryer feeder. In 1977, she experienced bilateral hand and forearm numbness. Doctor Stainsby diagnosed a carpal tunnel syndrome. She filed a claim with IP, which was accepted as non-disabling. She was laid off by IP in 1981. Later, she was employed by Georgia Pacific (GP) as a dryer feeder. The numbness increased. In 1983, she left GP and took a job managing a motel. In 1983, she had bilateral carpal tunnel surgery. She filed a claim against both GP and IP; both denied her claims. IP was found to be responsible. After the surgery, her condition improved; however, she testified that she was never totally free of numbness and pain thereafter.

In 1984, claimant moved to manage another of her employer's motels. She did maid and office work. Numbness and pain in her hands increased and interfered with her work and sleep. In 1985, she filed an aggravation claim against IP, which deferred acceptance. At the hearing, she offered evidence that her condition interferred with her maid work. That evidence was IP's first notice that she was working as a maid, and it verbally denied responsibility, contending that her present employer is responsible.

The referee found that claimant's present disability was caused by a worsening of the symptoms of the compensable carpal tunnel condition for which IP was responsible. Relying primarily on the opinion of Dr. MacCloskey, the referee found that, although claimant's motel work had aggravated the carpal tunnel condition, it had not contributed independently to the underlying pathology. Therefore, the referee held IP responsible. The Board disagreed with the referee's conclusion and reversed. Relying on the same medical evidence, it concluded that claimant's motel work had caused pathological changes and, therefore, had caused a worsening of the underlying disease. Purporting to apply the last injurious exposure rule, *see Bracke v. Baza'r,* 293 Or 239, 646 P2d

1330 (1982), the Board held that IP was not responsible for claimant's present disability.[1]

The last injurious exposure rule embodies two rules: a rule of proof and a rule of assignment of liability. *See Bracke v. Baza'r, supra,* 293 Or at 245. As a rule of proof, it relieves a claimant of the burden of proving specific causation as to any particular employment. The claimant need only prove that the disease was caused by an employment-related exposure. As a rule of assignment of liability, it places full responsibility for compensation with the last employer whose conditions last contributed to the "totality" of the claimant's disease. *See Bracke v. Baza'r, supra,* 293 Or at 248.

In *Bracke,* the claimant did not rely on the last injurious exposure rule as a rule of proof in making her *prima facie* case. Rather, she chose to prove that her disease and disability resulted from her employment with Baza'r, which was not her last employer. Baza'r asserted the rule of assignment of responsibility as a defense, arguing that the claimant's subsequent employment also could have caused her disability. The *Bracke* opinion noted that the last injurious exposure rule was designed primarily to benefit claimants. The court recognized, however, that employers have an interest in the consistent application of the rule, either as to proof or liability, so as to assure fair allocation of liability. *See Bracke v. Baza'r, supra,* 293 Or at 249-50.

The Supreme Court has ruled that, when a claimant does not rely on the rule of proof, an employer may not assert the rule of proof as a defense. *See Runft v. SAIF,* 303 Or 493, 501, 739 P2d 12 (1987); *Boise Cascade Corp v. Starbuck,* 296 Or 238, 243-45, 675 P2d 1044 (1984); *Bracke v. Baza'r, supra,* 293 Or at 250 n 5. However, the rule of assignment may be asserted

---

[1] After the Board's order, the Supreme Court decided *Runft v. SAIF,* 303 Or 493, 739 P2d 12 (1987), where, as here, the claimant had not invoked the last injurious exposure rule, but instead chose to prove that one of her employer's working conditions was a major contributing cause of her disability. That employer's insurer sought to avoid responsibility by asserting the *assignment of liability rule as a defense,* although the claimant had not filed a claim against, nor had the first employer sought to join, the subsequent employer. The court held that the defense was not available to the insurer, who was aware that a responsibility issue existed and yet had not involved the later employer. Because we find that claimant's maid work did not independently contribute to her underlying disease, we do not decide whether the defense was available to IP in this case.

as a defense even when a claimant has chosen to prove actual causation, if the subsequent employment actually contributed to the worsening of an underlying disease. *See Runft v. SAIF, supra,* 303 Or at 501-2; *Bracke v. Baza'r, supra.*

In *Bracke,* the defense was unsuccessful precisely because we had found that the claimant's subsequent employment had only activated the symptoms of the pre-existing disease. The Supreme Court explained that "the onset of disability * * * is the critical event in the application of the rules [of proof and assignment]." *Bracke v. Baza'r, supra,* 293 Or at 248. Liability for the disability caused by the underlying disease is fixed when the disability arises. *Bracke v. Baza'r, supra,* 293 Or at 250. Worsening of the underlying disease is a critical event that can allow a reassignment of liability to a subsequent employer. A mere recurrence of symptoms that does not signify a worsening of the underlying disease is not an event which allows a reassignment of liability and liability remains with the employer originally held responsible. *See Boise Cascade Corp. v. Starbuck, supra,* 296 Or at 243; *Bracke v. Baza'r, supra.* In *Bracke,* the claimant had proven that disability was caused by and had arisen from her employment with Baza'r. Liability remained with Baza'r, because it failed to prove that her underlying disease had worsened since termination of her employment with Baza'r.

In this case, it has previously been determined that IP is responsible for claimant's disability.[2] To assert the last injurious exposure rule of assignment as a defense, assuming that all of the proper parties have been joined, IP must prove both that claimant's underlying disease has worsened and that her subsequent employment caused the worsening. IP has failed to show that claimant's underlying carpal tunnel syndrome has worsened. MacCloskey stated that the maid work aggravated the symptoms of the disease; however, he did not equate the worsened symptoms with the disease itself. IP has shown only that claimant's maid work was the type of work which *could* cause or aggravate carpal tunnel syndrome. That

---

[2] Alternatively, IP argued that claimant had completely recovered from her previous carpal tunnel syndrome and that her present disability stems from a completely new occurrence of the syndrome caused by her maid work. Although there is evidence to support that theory, we are persuaded by claimant's testimony that her numbness and pain never completely abated and by MacCloskey's diagnosis that the present disability is a recurrence of the symptoms of the existing disease.

does not support the assignment of liability to the subsequent employer.

Reversed; referee's order reinstated.