Argued and submitted December 4, 1987, reversed and referee's order reinstated June 22, reconsideration denied September 2, petition for review denied September 29, 1988
(306 Or 661)

In the Matter of the Compensation of
Victorio R. Castilleja, Claimant.
CHAMPION INTERNATIONAL et al,
*Petitioners,*

*v.*

CASTILLEJA et al,
*Respondents.*

(WCB 84-00697, 84-05900; CA A41822)

756 P2d 659

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Patric J. Doherty, Portland, argued the cause for respondent Cascade Steel Corporation. With him on the brief

were Ronald W. Atwood and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Bruce D. Smith, Salem, waived appearance for respondent Victorio R. Castilleja.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Champion International seeks review of a decision of the Workers' Compensation Board reversing the referee and determining that it, and not Cascade, is responsible for claimant's present back condition.

Claimant experienced a compensable nondisabling low- back injury in 1979 while working for Champion. In 1980, he began work for Cascade, which required heavy lifting. Shortly thereafter, he began consulting a chiropractor for back pain. His claim against Champion was closed in March, 1981. In December, 1981, at Cascade, he reportedly experienced pain in his right leg and hip, without a new injury. In February, 1982, while lifting a heavy object, he sustained a compensable right inguinal strain, for which he underwent surgery. Following the surgery, he suffered severe pain in his right buttock. He returned to light-duty work until he was required by company policy to go off work in September, 1983. In April, 1984, claimant's treating physician diagnosed a herniated disc. Both employers denied responsibility for that condition. The Workers' Compensation Department issued an order under ORS 656.307, directing payment of time loss by Champion. Surgical and pathology reports following back surgery in July, 1984, were inconclusive as to the cause of claimant's present back difficulties.

A detailed recitation of the medical evidence would not aid in understanding the legal basis for our decision. On *de novo* review, we find that the evidence does not establish which employment was the more likely cause of claimant's current disability. The question presented is how to determine which of two successive employers is responsible.

The dispute centers around the significance of language contained in the Supreme Court's opinion in *Boise Cascade Corp. v. Starbuck*, 296 Or 238, 244, 675 P2d 1044 (1984):

> "In the situation where a compensable injury at one employment contributes to a disability occurring during a later employment involving work conditions capable of causing the disability, but which did not contribute to the disability, the first employer is liable. In *Bracke [v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982)], the disability was caused by and arose during the first employment. Even though the conditions of the later employment were capable of causing the

disability, the later employer was not liable because the employment did not contribute to the disability. In the case at bar, as well, the later employment did not contribute to the disability; responsibility is properly placed upon the employer whose employment caused the disability.

"The last injurious exposure rule is not intended to transfer liability from an employer whose employment caused a disability to a later employer whose employment did not. Once a worker proves that the disability is work-related, he or she need not prove that any one employment caused the disability. The rule accomplishes that and makes liable the last employer whose conditions of employment might have caused the disability. However, the rule does not prevent a worker from proving that an earlier employment caused the disability; nor does it prevent an employer from proving that the claimant's disability was caused by a different employment or that the disability did not arise from any work-related injury.

"In a procedural context, if a worker presents substantial evidence of successive work-related injuries causing disability, a prima facie case for recovery from the last employer is made out. Either or any employer against whom a claim is made still can present evidence to prove that the cause of the worker's disability is another employment or a cause unrelated to the employment. In such a case, the trier of fact decides the case on the basis of the evidence presented. *If the trier of fact is convinced that the disability was caused by successive work-related injuries but is unconvinced that any one employment is the more likely cause of the disability, the finding is for the worker against the last employer whose employment may have caused the disability.* On the other hand, if the trier of fact is convinced that the disability was caused by an earlier injury, or was not work related, such a finding may be made." (Emphasis supplied; footnote omitted.)

The referee relied on the second quoted paragraph in assigning responsibility to Cascade, because working conditions there "might have caused the disability." On reconsideration, he adhered to his decision, but stated that the evidence showed a new injury at Cascade. On review, the Board initially affirmed, relying, however, on the last quoted paragraph from *Starbuck*. It found that the evidence did not show which employment more likely contributed to claimant's disability and held that responsibility should be assigned to Cascade, because working conditions there "may" have caused claimant's disability. On reconsideration, the Board

reversed itself, relying on the second quoted paragraph, which it understood to mean that, if there is no proof that the later employment actually contributed to the cause of the claimant's disability, liability would remain with the first employer.

Obviously, there is confusion as to the proper application of the "last injurious exposure" rule in injury cases, as distinguished from occupational disease cases, which began with the court's decision in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982). Until then, that rule had been applied only in disease cases, and its purpose was to alleviate the burden on a claimant of proving which of several employers caused the disease. The claim could be asserted against the last employer where the working conditions *could* have caused the disease. That kind of problem does not exist in *injury* cases; a worker presumably knows when he has sustained a physical injury.

A problem only somewhat analogous to disease cases arises in "successive injury" cases, in which we consistently applied the rule in *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976),[1] to determine whether a claimant's disability was an aggravation of an injury at an earlier employment or was a new injury. Answering that question determined which employer was responsible.

■ However, since *Starbuck,* it has been assumed that the court meant what it said in *Bracke*—that the last injurious exposure rule applies to injury claims as well as disease claims, at least when the question is one of responsibility. In that context, the question is not what the worker must prove; compensability is conceded. The question is what the evidence must show in order to decide which employer is responsible. When, as here, the trier of fact is convinced that the disability was caused by successive work-related exposures but is unconvinced that any one employment is the more likely cause of the disability, the rule operates to place liability on the last employer.[2] *Boise Cascade Corp. v. Starbuck, supra,* 296 Or at

---

[1] Under that test, if the work at the second employer independently contributed to a claimant's disability, that employer is responsible.

[2] It should be noted, however, that in *Runft v. SAIF,* 303 Or 493, 500, 739 P2d 12 (1987), the Supreme Court held that an employer against whom a claim for occupational disease is asserted may not rely on the rule unless it brings in the employer that it claims is responsible. Although that holding presumably applies to successive injury cases, 303 Or at 499 n 2, it presents no problem here. Both employers are in the proceeding.

245; *Crowe v. Jel-Wen,* 77 Or App 81, 712 P2d 145 (1985), *rev den* 301 Or 76 (1986).

■ Here, the evidence does not establish which of the two employments actually caused claimant's present disability. It does show, however, that the employment at Cascade could have contributed to the cause of the disability. Accordingly, we apply the rule of responsibility as the Supreme Court has framed it and hold that Cascade is responsible.

Reversed; referee's order reinstated.