Argued and submitted April 14, reversed and remanded with instructions
May 24, 1989

In the Matter of the Compensation of
Eleanor M. Thurston, Claimant.
COLUMBIA COUNTY SCHOOL DISTRICT #13/
LUMBERMEN'S UNDERWRITING ALLIANCE,
*Petitioner,*

*v.*

THURSTON et al,
*Respondents.*

(86-05028; 86-15156; CA A50069)

773 P2d 1354

Eric R. Miller, Portland, argued the cause for petitioner. With him on the brief was Terrall and Miller, Portland.

Nancy J. Meserow, Beaverton, argued the cause and filed the brief for respondent Columbia County School District/ Wausau Insurance Companies.

Randy M. Elmer, Portland, waived appearance for respondent Eleanor M. Thurston.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

WARREN, P. J.

## WARREN, P. J.

Columbia County School District seeks review of an order of the Workers' Compensation Board determining that it, rather than its former insurer, is responsible for claimant's lumbar disc condition and for her bursitis. There is substantial evidence to support the Board's conclusion with regard to the bursitis. Because the Board applied an incorrect standard for evaluating the responsibility question with respect to the lumbar disc condition, we reverse as to that condition only and remand.

Claimant began working for employer in 1976, when it was insured by Wausau Insurance Company. She suffered a lumbar disc injury in February, 1984, for which she was compensated by an award of five percent permanent partial disability. In July, 1985, employer became self-insured. In February, 1986, claimant again experienced low back pain. Dr. Mason, her treating physician, reported that her symptoms were due to bursitis, not to her original back problem. In his opinion, claimant's work in early 1986 brought on the bursitis and also "very likely" had an effect on the lumbar disc condition. However, there is substantial evidence to support the Board's finding, in accepting Masons's opinion, that claimant's symptoms are not caused by the disc condition but by the bursitis.

■■ The Board held that, because Mason believed that claimant's employment in early 1986 had worsened the disc condition, that condition should be the responsibility of employer, who is now self-insured. Although there is evidence to support the Board's conclusion that claimant's disc condition has become objectively worse as a result of her employment, in order to shift responsibility to a subsequent employer or insurer the subsequent employment must contribute independently to disability or the need for treatment. *See Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984). Because claimant has not experienced disability or a need for treatment as a result of her worsened disc condition, there is no basis for shifting responsibility for that condition.

Reversed and remanded with instructions to assign responsibility for the disc condition to Wausau Insurance Companies.