Argued and submitted January 28, reversed and remanded for reconsideration March 13, reconsideration denied June 5, petition for review denied July 2, 1991 (311 Or 482)

In the Matter of the Compensation of
John R. Garver, Claimant.

STEVENS EQUIPMENT COMPANY
and Liberty Northwest Insurance Corp.,
*Petitioners,*

*v.*

AMERICAN FABRICATORS,
Liberty Northwest Insurance Corp.
and John R. Garver,
*Respondents.*

(88-08090, 88-07209; CA A65091)

807 P2d 334

Darrell E. Bewley, Salem, argued the cause for petitioners. With him on the brief was Pamela A. Schultz, Portland.

Jenny Ogawa, Salem, argued the cause for respondents American Fabricators and Liberty Northwest Insurance Corp. With her on the brief was Kevin L. Mannix, P.C., Salem.

No appearance by respondent John R. Garver.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Stevens Equipment Company seeks review of an order of the Workers' Compensation Board assigning responsibility to it for claimant's low back condition.[1] We reverse.

Claimant initially injured his low back in 1980, while working for Layton Manufacturing Company, and was awarded five percent unscheduled permanent partial disability. In September, 1985, he injured his low back while working for American Fabricators (American). The 1985 injury claim was closed in 1987, with an award of five percent unscheduled permanent partial disability. In early February, 1988, claimant received an additional 10 percent unscheduled permanent partial disability for the 1985 injury.

While working for Stevens Equipment Company (Stevens), claimant injured his back on February 23, 1988. For the first time, he had mid-back pain as well as low back symptoms. Stevens denied responsibility for the claim, and American denied claimant's aggravation claim. At the hearing, Stevens accepted responsibility for the mid-back condition but continued to deny responsibility for the low back condition. The Board held:

> "Because the discrete incident affecting the mid and low back occurred while claimant was employed at Stevens, Stevens carries the burden to prove that the injury did not 'independently contribute' to the low back disability. *See Linda L. Wise,* 42 Van Natta 115 (1990). 'Independent contribution' means a worsening of claimant's underlying condition. *See Hensel Phelps Const. v. Mirich,* 81 Or App [290], 294[, 724 P2d 919] (1986).

> "Here, three physicians discuss the the [*sic*] effects of the new injury upon claimant's low back condition. Dr. Atkinson, M.D., claimant's treating physician, opined there was an exacerbation of the low back condition, but he was unable to tell whether or not there was a pathological change in the condition. * * * Dr. Paluska, M.D. opined that claimant's new injury only caused an aggravation of a preexisting condition. * * * In addition, Dr. Chester, M.D. indicated that claimant's low back discomfort at the lumbosacral junction was, '... probably related to minor osteoarthritis (facet syndrome).' * * *.

---

[1] For reasons not apparent to us, this case has not come to us by way of the arbitration procedure described in ORS 656.307(2).

"The correct legal test is whether or not the new incident independently contributed to a worsening of claimant's underlying condition. *Hensel Phelps, supra.* Because no doctor addresses the critical legal test, we are unable to determine whether or not there had been an independent contribution to a worsening of claimant's underlying low back condition. Since none of the physicians persuasively state that the incident at Stevens did or did not independently contribute to a worsening of claimant's underlying condition, Stevens has failed to carry its burden of proof and it must be found responsible for claimant's low back condition. *Wise, supra.*"

■■ Stevens contends that the Board wrongly assigned the burden of proof to it. Relying on *Spurlock v. International Paper Co.,* 89 Or App 461, 749 P2d 611 (1988), it argues that American, as the employer that had last accepted an injury claim, must prove that the employment at Stevens caused a worsening of the underlying condition in order to shift responsibility under the last injurious exposure rule. In *Spurlock,* we concluded that, when the evidence did not show that the claimant's underlying disease had worsened as a result of the subsequent employment, but only that the subsequent employment had exacerbated the symptoms of the disease, the first employer could not assert the last injurious exposure rule as a defense. That rule operates to assign liability to one employer in cases of successive incremental injuries and places full responsibility for compensation on the employer covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Bracke v. Baza'r,* 293 Or 239, 244, 646 P2d 1330 (1982). The rule also relieves a claimant of the burden of proving medical causation, if he establishes that the disability was caused by work-related exposures. The rule does not shift responsibility if the disability is a result solely of the injury that happened during the earlier employment. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 243, 675 P2d 1044 (1984).

■ ■ American argues that the Board correctly assigned the burden of proof to Stevens, because the medical evidence as to causation was in equipoise and, therefore, Stevens, as the last employer, remained responsible. It relies on *Champion International v. Castilleja,* 91 Or App 556, 756 P2d 659, *rev den* 306 Or 661 (1988), where we said:

"The question is what the evidence must show in order to

decide which employer is responsible. When, as here, the trier of fact is convinced that the disability was caused by successive work-related exposures but is unconvinced that any one employment is the more likely cause of the disability, the [last injurious exposure] rule operates to place liability on the last employer." 91 Or App at 560.

Before the last injurious exposure rule *can* apply under American's successive injury theory of the case, there must be evidence of a second injury that materially contributed to the claimant's disability. *Peterson v. Eugene F. Burrill Lumber,* 294 Or 537, 543, 660 P2d 1058 (1983); *Crowe v. Jeld-Wen,* 77 Or App 81, 87, 712 P2d 145 (1985), *rev den* 301 Or 76 (1986). In *Champion,* we assigned responsibility to the last employer with an accepted claim. Here, in contrast, the Board found that Stevens has denied responsibility for claimant's low back disability, arguing that it was the result of the 1985 injury at American. The Board, therefore, erred when it placed the burden of proof on Stevens. *See Delta/McLean Trucking v. Wyncoop,* 106 Or App 319, 807 P2d 336 (1991).

Reversed and remanded for reconsideration.