Argued and submitted November 14, 1990, affirmed March 13, 1991

In the Matter of the Compensation of
John L. Wyncoop, Claimant.

DELTA/MCLEAN TRUCKING,
*Petitioner,*

*v.*

John L. WYNCOOP,
Sessler, Inc.
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 88-09286, 88-10107, 88-09285,
88-10108; CA A64300)

807 P2d 336

Marianne Bottini, Portland, argued the cause for petitioner. With her on the brief was Bottini & Bottini, Portland.

Bruce D. Smith, Medford, waived appearance for respondent John L. Wyncoop.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents Sessler, Inc. and Liberty Northwest Insurance.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

The issue in this case is which of two employers, Delta/McLean Trucking (Delta) or Sessler, Inc., is responsible for claimant's current back condition. Delta seeks review of a decision of a Workers' Compensation Board referee who, acting as an arbitrator pursuant to ORS 656.307, determined that it is responsible. We affirm.

Claimant, age 54, has suffered from a noncompensable low back impairment since the 1950's. He also has congenital and developmental back problems. Claimant's first workers' compensation claim for a back injury was in 1979, and was closed with no permanent disability award. He injured his back again in 1980 and received a 20 percent unscheduled disability award. In 1984, he strained his back while he was employed as a truck driver by Delta. The claim was accepted and was eventually closed in March, 1985, with no additional permanent disability awarded. Claimant continued to have low back symptoms and impairment, and his claim against Delta was reopened in October, 1985. The claim was closed by a January, 1987, determination order, which awarded him 15 percent unscheduled permanent partial disability. His varyingly severe symptoms persisted through 1987.

■  In November, 1987, claimant began working as a truck driver for Sessler. On February 19, 1988, he fell and was injured. Dr. Hearns, his physician, reported that he complained of "low back pain and muscle spasms, left hip, dorsal and neck pain." Hearns wrote that claimant sustained an "acute post-traumatic musculoskeletal injury involving the lumbar, dorsal and cervical spine and associated soft tissue." In April, Delta refused to reopen the 1984 claim on the basis that the February, 1988, incident at Sessler had independently contributed to claimant's back condition. On May 10, 1988, Sessler accepted compensability and responsibility for the specific conditions of "cervicodorsal sprain/strain and muscle tension headaches." On May 27, 1988, Sessler denied responsibility for claimant's lumbar condition on the ground that the 1988 incident did not materially worsen the pre-existing condition.[1]

---

[1] Delta also argues that, because Sessler accepted claimant's 1988 claim, "which included a specification of low back condition on the claim form, and * * *

The arbitrator set aside Delta's denial and concluded that an aggravation of the 1984 injury had occurred and that the 1988 incident did not independently contribute to claimant's disability. He found that claimant

> "slipped and fell, which resulted in another strain and a temporary increase in the same symptoms he had experienced for several years, but did not significantly affect his underlying condition. * * * The incident * * * was just another episode in a long pattern of variably severe symptoms. The claimant's testimony describes symptoms as in the same place and of the same quality, only more severe, as he had experienced for several years. * * * There is no medical opinion that reflects a change in the nature of the disabling condition."

Citing *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984), the arbitrator concluded that Delta could not shift responsibility to Sessler, the second employer, because Delta failed to prove that claimant had sustained a new injury that independently contributed to his disabling condition. The Board adopted the arbitrator's order and affirmed.

Delta argues that the arbitrator improperly assigned the burden of proof to it. It also contends that he applied the incorrect legal standard when he concluded that Delta, as the 1984 employer, had the burden of proving that the 1988 incident was a new injury that independently contributed to claimant's low back condition. Relying on *Industrial Indemnity v. Kearns,* 70 Or App 583, 690 P2d 1068 (1984), and *Linda L. Wise,* 42 Van Natta 115 (1990), Delta argues that there is a rebuttable presumption that Sessler, as the later employer, is responsible, unless Sessler can prove that the 1988 incident, which occurred during its employment, did not independently contribute to claimant's condition.

We review for errors of law. ORS 656.307(2). Delta's reliance on the presumption in *Kearns* is misplaced. As the last employer against whom claimant had an accepted claim

---

did not attempt a 'partial denial' until 60 days after the claim was filed, they [*sic*] are barred as a matter of law under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1982), from denying their [*sic*] responsibility."

Delta is incorrect. Sessler only accepted claimant's claim for headaches and neck injuries; it never accepted his low back condition claim. Therefore, it is irrelevant that its express partial denial of that condition was not issued until more than 60 days after the claim was filed.

for a low back injury, Delta is presumptively responsible. In order to avoid responsibility for the 1988 incident, it had the burden of establishing that claimant's subsequent employment[2] independently contributed to his low back condition. Whether claimant suffered an aggravation or a new injury is a question of fact. *Boise Cascade Corp. v. Starbuck, supra,* 296 Or at 244-45. The arbitrator determined that the evidence supported the finding that claimant's present low back condition is an aggravation of his 1984 injury. We conclude, therefore, that it was not an error of law for the arbitrator to conclude that Delta remained the responsible insurer, because it had failed to meet its burden of proving that the 1988 incident independently contributed to claimant's condition. *See Stevens Equipment Co. v. American Fabricators,* 106 Or App 354, 807 P2d 334 (1991).

Affirmed.

---

[2] In *Kearns,* we said:

"Unlike the 'last injurious exposure rule,' under which the last employer would be liable if the work environment 'could have' caused the disability, the 'last injury rule' requires proof that the traumatic accident 'contributed independently' to claimant's disability, even though the contribution be slight. It is not sufficient to show that the last injury 'could have' contributed to claimant's disability." 70 Or App at 587.