Argued and submitted May 20, reversed and remanded for further proceedings October 9, reconsideration denied December 11, 1991, petition for review denied January 21, 1992 (312 Or 588)

# INSURANCE COMPANY OF NORTH AMERICA,
*Appellant,*

*v.*

# SCHWABE, WILLIAMSON & WYATT,
*Respondent.*

(A8905-02599; CA A65657)

818 P2d 968

Thomas M. Christ, Portland, argued the cause for appellant. With him on the briefs was Mitchell, Lang & Smith, Portland.

Deborah L. Sather, Portland, argued the cause for respondent. With her on the brief were Frank A. Moscato and Cooney, Moscato & Crew, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Buttler, P. J., dissenting.

### DE MUNIZ, J.

This legal malpractice action arises out of a workers' compensation case in which defendant represented plaintiff insurer. The workers' compensation dispute concerned which insurer, plaintiff or American International Adjustment Company, Inc. (AIAC), owed compensation to the injured worker. The referee held that plaintiff was responsible. Plaintiff asked defendant to appeal the referee's order to the Board, but defendant failed to do so in time. In this action, plaintiff claims that, if defendant had made a timely appeal to the Board, plaintiff would have prevailed, and it seeks damages equal to the compensation that it now owes the injured worker.

Pursuant to a stipulation of the parties, the trial court assigned the case to a reference panel. The stipulation provides that the panel's findings and conclusions are to be non-binding, except that they are to have the "same effect as a jury verdict." ORCP 65E(3).[1] The panel found that plaintiff's appeal to the Board would not have succeeded and filed its report with the trial court. Plaintiff objected to the report, pursuant to ORCP 65E(3), but the court denied the objections.

In its order, the trial court first noted that, under ORCP 65E(3)(a), it had broad discretion to affirm or set aside the reference report. It said that it found "no basis to set aside the report in whole or part." The court then pointed out that the "panel was similar to an arbitration" and cited decisions holding that review of an arbitration decision is limited. *See, e.g., Brewer v. Allstate Insurance Co.,* 248 Or 558, 436 P2d 547 (1968). It adopted the panel's report and entered judgment for defendant. Plaintiff seeks reversal on the ground that the panel and the trial court misallocated what would have been the burden of proof in the underlying workers' compensation proceeding.

---

[1] ORCP 65E(3)(a) provides:

"Unless the parties stipulate to the contrary, the referee's findings of fact shall have the same effect as a jury verdict. Within 10 days after being served notice of the filing of the report, any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections to the report shall be by motion. The court after hearing may affirm or set aside the report, in whole or in part."

In determining liability for malpractice, the question is whether, if defendant had timely appealed the underlying workers' compensation case to the Board, plaintiff would have succeeded in establishing that AIAC, and not plaintiff, was responsible for insuring the claim. *See Jackson v. Olson,* 77 Or App 41, 44, 712 P2d 128 (1985), *rev den* 300 Or 605 (1986). Because the panel's findings have the effect of a jury verdict, we review them to determine whether they are supported by the evidence, but we review the legal conclusions for errors of law. We conclude that the panel made an error of law in assuming that plaintiff had the burden of proof in the underlying workers' compensation case and that, therefore, the trial court erred in adopting the panel's report.

The worker suffered a compensable injury to his neck in July, 1985, when AIAC was the employer's insurer. AIAC accepted that claim, and it was closed in December, 1986, with an award of benefits for permanent partial disability. The worker had returned to work in November, 1986, and had performed his job without difficulty until July 23, 1987, when he again experienced pain in his neck while attempting to lift a carton. By that time, plaintiff was the responsible insurer. The worker left work and filed a claim against AIAC, seeking benefits for an aggravation of the 1985 injury; he also filed a claim against plaintiff for a new injury. Each insurer denied responsibility. Plaintiff retained defendant to represent it. The only issue before the referee was whether the worker had sustained a new injury or an aggravation. The referee placed responsibility for the claim on plaintiff and affirmed AIAC's denial.

It is apparent from the reference panel's opinion that it understood the issue before it. It also correctly stated the legal test for determining responsibility:

> "In successive injury cases where there are a series of work-related injuries and there is a dispute over responsibility for a period of disability during or after later employment, once a later incident is accepted as a compensable injury, there is a rebuttable presumption that responsibility lies with the last employer/insurer at the time of the last work-related injury, *Boise Cascade v. Starbuck,* 296 Or 238 [675 P2d 1044 (1983)]; *Industrial Indemnity v. Kearns,* 70 Or App 583, [690 P2d 1068 (1984)]. However, the subsequent employment and/or injuries must contribute to the

underlying or pathological condition and it is inadequate to show merely that subsequent employment and/or injuries contributed only to the symptoms of the compensable condition, *Hensel Phelps Construction v. Mirich,* 81 Or App 290 [, 724 P2d 919 (1986)]; *Mission Insurance Co. v. Dundon,* 86 Or App 470, [739 P2d 1069] (1987)."

The panel then found that *plaintiff* had not overcome a presumption that the 1987 incident had independently contributed to the worker's underlying condition.

As the panel said, the presumption applies to the last "employer/insurer" to *accept* an injury. There could have been no such presumption as to plaintiff, unless plaintiff had accepted the 1987 claim. *Stevens Equipment Co. v. American Fabricators,* 106 Or App 354, 807 P2d 334 (1991); *Delta/ McLean Trucking v. Wyncoop,* 106 Or 319, 807 P2d 336 (1991). It had not; it had denied the claim.[2] Accordingly, the panel erred in concluding that there was a presumption that plaintiff was responsible. In fact, as the last insurer with an accepted claim, AIAC is presumed to be responsible for the injury, unless it proved that the 1987 incident contributed independently to the worker's condition. The court erred in adopting the reference panel's report, which misallocated the burden of proof to plaintiff.

Reversed and remanded for proceedings not inconsistent with this opinion.

**BUTTLER, P. J.,** dissenting.

The majority says that the reference panel correctly stated the legal test for determining responsibility. I agree. The key to the panel's opinion is that "once a later incident is accepted as a compensable injury, there is a rebuttable presumption that responsibility lies with the last employer/ insurer at the time of the last work-related injury * * *." 109 Or App at 185.

However, the majority then says that there could have been no such presumption as to plaintiff, unless it had accepted the July, 1987, claim. What the majority appears to

---

[2] We know of no support for the dissent's view that "acceptance of compensability," as opposed to acceptance of the claim, is sufficient to give rise to the presumption.

have overlooked is that both plaintiff and AIAC had agreed that the claim was compensable, that is, they had accepted compensability, but each of them had denied that it was the responsible insurer. Under the test, which the majority agrees is correct, there is a rebuttable presumption that the last insurer is responsible. However, the majority says that the rebuttable presumption does not apply unless the last employer had accepted the claim. Obviously, if plaintiff had accepted the claim unconditionally, that would be the end of the case; there would be no reason for the presumption. Plaintiff did accept the fact that the incident that occurred on July 23, 1987, occurred while it was on the risk, but it denied responsibility for claimant's present disability. That is precisely the circumstance in which the rebuttable presumption operates.

As the Supreme Court said in *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 244-45, 675 P2d 1044 (1984):

> "In a procedural context, if a worker presents substantial evidence of successive work-related injuries causing disability, a prima facie case for recovery from the last employer is made out. Either or any employer against whom a claim is made still can present evidence to prove that the cause of the worker's disability is another employment or a cause unrelated to the employment. In such a case, the trier of fact decides the case on the basis of the evidence presented. If the trier of fact is convinced that the disability was caused by successive work-related injuries but is unconvinced that any one employment is the more likely cause of the disability, the finding is for the worker against the last employer whose employment may have caused the disability. On the other hand, if the trier of fact is convinced that the disability was caused by an earlier injury, or was not work related, such a finding may be made."

Concededly, the court in *Starbuck* said a great deal more, which has led to a great deal of confusion, as evidenced by the cases on which the majority relies. However, the quoted language is an accurate statement of the law.

I would affirm and, therefore, dissent.