Argued and submitted May 17, reversed and remanded for reconsideration
October 30, 1991

In the Matter of the Compensation of
Steven E. Jones, Claimant.

CAMERON LOGGING/
Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Steven E. JONES
and Dougherty Logging/
Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB No. 89-08974; CA A67238)

820 P2d 8

David O. Wilson, Employers Defense Counsel, Eugene, argued the cause and filed the brief for petitioners.

No appearance for respondent Steven E. Jones.

Darrell E. Bewley, Salem, argued the cause and filed the brief for respondent Dougherty Logging.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

JOSEPH, C. J.

---

* Richardson, J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Cameron Logging Company (Cameron) seeks review of a Workers' Compensation Board order assigning responsibility to it for claimant's back condition. We reverse and remand for reconsideration.

Claimant suffered a series of compensable back injuries beginning in 1978. His last accepted claim was for an injury on December 10, 1986, while he was working for respondent Dougherty Logging (Dougherty). On August 3, 1988, while working for Cameron, he began experiencing severe back pain. However, there had been no specific injurious incident. The next day, claimant's chiropractor took him off work.

■ Cameron and Dougherty contested responsibility for claimant's current condition and sought a hearing. ORS 656.289.[1] The referee applied the last injurious exposure rule and found Cameron responsible for claimant's condition. The Board adopted the referee's opinion and order.

We review for substantial evidence and errors of law. ORS 183.482(7),(8). However, as a preliminary matter,

"[i]n order for us to conduct that kind of review, we must be able to know what the Board found as fact and why it believes that its findings led to the conclusions that it reached. That requires a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988).

Although the order contains explicit findings of fact, it does not explain why they lead to the Board's conclusions. We cannot determine whether the Board properly applied the last injurious exposure rule. More specifically, we cannot determine whether the Board properly allocated the burden of proof or whether it found that claimant suffered a new injury. Therefore, the Board's order is insufficient for review.

■ Under the last injurious exposure rule, the last employer with an accepted claim relating to a specific body part bears the burden of proving that a new injury at the subsequent employment independently contributed to a

---

[1] For reasons not apparent to us, this case has not come to us by way of the arbitration procedure described in ORS 656.307(2).

worsening of the claimant's underlying condition. *Stevens Equipment Co. v. American Fabricators,* 106 Or App 354, 807 P2d 334, *rev den* 311 Or 482 (1991). The party who bears that burden has 2 distinct obligations. *Hansen v. Oregon-Wash. R. & N. Co.,* 97 Or 190, 210, 188 P 963 (1920). First, it must produce evidence of the facts in issue, which is a burden of production. *See* ORS 183.450(2). Second, the party "must in the end establish a given proposition in order to succeed," which is a burden of persuasion. 97 Or at 210.

■■ Misallocation of the burden of proof is a procedural error, *Harris v. SAIF,* 292 Or 683, 689-90, 642 P2d 1147 (1982), for which we will remand only if the error can be seen to have impaired the fairness of the proceeding or the correctness of the action. ORS 183.482(7). Misallocation of the burden of production tends to impair fairness or correctness by permitting the party who should have had the burden to prevail without producing necessary evidence. Misallocation of the burden of persuasion tends to impair fairness or correctness by permitting the party to prevail when the evidence is in equipoise. *See, generally, Riley Hill General Contractor v. Tandy Corp.,* 303 Or 390, 394, 737 P2d 595 (1987).

Dougherty, as the last employer with an accepted claim concerning claimant's back, should have had the burden of proof. In its order, the Board said:

> "Resolution of the [sic] responsibility in this case is controlled by the last injurious exposure rule which places full responsibility on the last employer unless the last employer can provide sufficient proof of a lack of independent contribution to a worsening of the claimant's underlying condition."

That language suggests that the Board placed the burden of proof on Cameron—the last employer—instead of Dougherty—the last employer with an accepted claim, where it belonged. However, the Board also said:

> "Claimant's increased symptoms required significant medical care and treatment and significant time loss with the concomitant worsening of his underlying condition sufficient enough [sic] to transfer responsibility from Dougherty Logging to Cameron Logging."

That language suggests that the Board initially assumed that Dougherty was responsible and had the burden of proof. The Board's order lacks a reasoned analysis, and we cannot determine whether it properly allocated the burden of proof.

■     The Board also found that claimant's condition had worsened while he was working at Cameron. Nevertheless, under the last injurious exposure rule, responsibility would shift to Cameron *only if* there was "evidence of a second injury that materially contributed to the claimant's disability." *Stevens Equipment Co. v. American Fabricators, supra,* 106 Or App at 358. "Injury" means a new injury, not the exacerbation or aggravation of an old injury.

The order reads:

> "While claimant in the instant case did not sustain a specific traumatic injury, it is clear that as a result of his work activity at Cameron Logging in general and, specifically, on August 3, 1988, his preexisting underlying condition worsened to the point where he required significant medical care and treatment and time loss from work."

If that means that the Board found that claimant's previous injury was merely aggravated but responsibility still shifted to Cameron, that would be an error of law. Conversely, if the Board really meant to say that claimant had suffered a new injury, even in the absence of a specific injurious incident, we would uphold that determination, if it is supported by substantial evidence. *See Hensel Phelps Const. v. Mirich,* 81 Or App 290, 293, 724 P2d 919 (1986). Because the Board's order lacks a reasoned analysis in this respect, too, we cannot determine whether the Board found a new injury or merely an aggravation.

Reversed and remanded for reconsideration.