Argued and submitted February 13, affirmed October 31, 1984

In the Matter of the Compensation of
Duane Kearns, Claimant.

INDUSTRIAL INDEMNITY COMPANY,
*Petitioner,*

*v.*

KEARNS et al,
*Respondents.*

(81-11626 and 82-05409; CA A28755)

690 P2d 1068

John E. Snarksis, Portland, argued the cause and filed the brief for petitioner.

Charles Colett, Portland, argued the cause for respondent Duane Kearns. With him on the brief were Jill Backes and Galton, Popick & Scott, Portland.

Jerald P. Keene, Portland, argued the cause for respondent EBI Companies. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Industrial Indemnity seeks judicial review of a Workers' Compensation Board determination that it is responsible for paying claimant aggravation benefits. The sole issue is responsibility. On *de novo* review, ORS 656.298(6), we affirm.

Claimant strained his low back in 1968. He was awarded 5 percent unscheduled disability when his claim was closed in 1969. He was injured again in 1972. He was awarded an additional 5 percent unscheduled disability when that claim was closed in 1973. In 1976, he filed an aggravation claim, which was accepted by stipulation. He was awarded an additional 5 percent unscheduled disability when that claim was closed in 1978. Later in 1978, he was awarded an additional 12.5 percent unscheduled low back disability by stipulation. Throughout the whole period, he was employed by the same employer with SAIF as the insurer.

In February, 1979, claimant twisted his back. No time loss was incurred. EBI, the employer's insurer at that time, accepted the claim as non-disabling and paid his medical expenses. Claimant injured his low back again in October, 1979. After two days, he was released to return to work with restrictions on heavy lifting. Industrial Indemnity, the employer's insurer at that time, accepted the claim as non-disabling.

In 1981, claimant's physician asked to have claimant's 1979 claim reopened. He did not specify on which of claimant's 1979 injuries he was relying. All insurers denied responsibility for any aggravation. The referee found that Industrial Indemnity was responsible. In agreeing with the referee, the Board adopted a rule for successive injuries to the same body part:

"* * * Where there are multiple accepted injuries involving the same body part, we will assume that the last injury contributed independently to the condition now requiring further medical services or resulting in additional disability, and the employer/insurer on the risk at the time of the most recent injury has the burden of proving that some other accepted injury last contributed independently to the condition which presently gives rise to the claim for compensation; e.g., that its accepted injury caused only symptoms of the

condition or involved a different condition affecting the same body part."

Applying its rule, the Board held that Industrial Indemnity had failed to show that it is not responsible.[1]

In this court, Industrial Indemnity argues that the Board erred in establishing a presumption that the last injury contributes independently to a worker's worsened condition. It argues that the presumption improperly places the burden of proving the absence of a causal relationship on the insurer. It also argues that, even if the Board's rule is correct, it has carried its burden of proof here.

The "last injurious exposure rule" was first adopted by this court in *Mathis v. SAIF,* 10 Or App 139, 499 P2d 1331 (1972); *see also Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). The rule, as it applies to successive injuries as opposed to occupational diseases, was examined and clarified by us in *Boise Cascade Corp. v. Starbuck,* 61 Or App 631, 659 P2d 424 (1983), *aff'd* 296 Or 238, 675 P2d 1044 (1984). In *Starbuck,* we noted that in successive injury cases the rule is more appropriately identified as the "last injury rule." We quoted from 4 Larson, Workmen's Compensation Law 17-71 - 17-78, § 95.12 (1976):

> "If the [last] injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer

---

[1] The Board stated in relevant part:

"Applying that test to the facts of this case, we find that Dr. Hazel has issued statements which are ambivalent. Some of his statements would support a finding that the most recent injury, at which time Industrial Indemnity was on the risk, did independently contribute at least slightly to claimant's current condition and resultant disability and need for medical services. Other statements authored by Dr. Hazel would support a contrary conclusion; *i.e.* that claimant's current condition has developed, and would have developed, independently of his most recent injury which constituted nothing more than the symptomatology of an underlying degenerative process set in motion years before. Considering this evidence, as well as all of the other evidence bearing upon the issue of insurer responsibility, we find that Industrial Indemnity, the insurer on the risk at the time of claimant's most recent low back injury, has failed to satisfy its burden of proving that claimant's October 1, 1979 injury did not independently contribute at least slightly to claimant's underlying degenerative disease process and the resulting current condition. Accordingly, we affirm the Referee's finding that Industrial Indemnity is the insurer responsible for payment of claimant's compensation."

on the risk at the time of the original injury remains liable for the second * * *.

"On the other hand, if the [last] incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributes the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition."

Unlike the "last injurious exposure rule," under which the last employer would be liable if the work environment "could have" caused the disability, the "last injury rule" requires proof that the traumatic accident "contributed independently" to claimant's disability, even though the contribution be slight. It is not sufficient to show that the last injury "could have" contributed to claimant's disability. *Boise Cascade Corp. v. Starbuck, supra,* 61 Or App at 639.

■     Under the Board's rule, a rebuttable presumption exists that a claimant's last industrial injury contributed independently to the worsened condition and that the insurer at that time is responsible. We conclude that that approach is not inconsistent with the Supreme Court's language in *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 244, 675 P2d 1044 (1984):

> "The last injurious exposure rule is not intended to transfer liability from an employer whose employment caused a disability to a later employer whose employment did not. Once a worker proves that the disability is work-related, he or she need not prove that any one employment caused the disability. The rule accomplishes that and makes liable the last employer whose conditions of employment might have caused the disability. However, the rule does not prevent a worker from proving that an earlier employment caused the disability; nor does it prevent an employer from proving that the claimant's disability was caused by a different employment or that the disability did not arise from any work-related injury.
>
> "In a procedural context, if a worker presents substantial evidence of successive work-related injuries causing disability, a prima facie case for recovery from the last employer is made out. Either or any employer against whom a claim is made still can present evidence to prove that the cause of the worker's disability is another employment or a cause unrelated to the

employment. In such a case, the trier of fact decides the case on the basis of the evidence presented. If the trier of fact is convinced that the disability was caused by successive work-related injuries but is unconvinced that any one employment is the more likely cause of the disability, the finding is for the worker against the last employer whose employment may have caused the disability. On the other hand, if the trier of fact is convinced that the disability was caused by an earlier injury, or was not work related, such a finding may be made." (Footnote omitted.)

■     It was stipulated that claimant's compensable condition has worsened. Industrial Indemnity, the insurer on the risk at the time of claimant's most recent low back injury, has failed to show that there is no causal connection between the worsening and claimant's October, 1979, injury. Therefore, it is responsible for payment of claimant's compensation. *See Guse v. Adminco,* 70 Or App 376, 689 P2d 1044 (1984); *FMC Corporation v. Liberty Mutual Ins. Co.,* 70 Or App 370, 689 P2d 1046 (1984).

■     EBI's June 23, 1982, *total* denial of claimant's previously accepted February, 1979, injury was correctly rejected by the Board. *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). However, we agree with the Board that, on the evidence here, EBI had no duty to pay interim compensation on this claim, because it never received a sufficient aggravation claim. *See* ORS 656.273(6). Therefore, EBI cannot be penalized for its failure to do so.

Affirmed.