Argued and submitted October 9, 1987, affirmed June 1, reconsideration denied July 8, petition for review allowed by memorandum opinion September 20, 1988
See 306 Or 659, 761 P2d 523 (1988)

In the Matter of the Compensation of
Thomas E. DeSylvia, Claimant.
DeSYLVIA,
*Petitioner,*

*v.*

MULTNOMAH COUNTY
SCHOOL DISTRICT #40 et al,
*Respondents.*

(WCB 84-13344, 82-11158; CA A41813)

755 P2d 147

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Karen M. Werner, Eugene.

Randy G. Rice, Portland, argued the cause and filed the brief for respondents Multnomah County School District #40, and EBI Companies.

No appearance for respondent SAIF Corporation.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Worker's Compensation Board that SAIF, and not EBI, is responsible for claimant's elbow condition. On *de novo* review, we affirm.

Claimant has been a coach and physical education teacher for employer since 1965. In 1966, he severely dislocated his right elbow. After surgery, the claim was closed with an award of 20 percent permanent disability to be paid by SAIF's predecessor. In 1977, claimant injured his upper back during a football drill. As a result, he suffered back pain which radiated to the right hand, with right arm numbness. SAIF accepted the claim as nondisabling, and claimant was found to be medically stationary, without impairment, in November, 1977. EBI was the insurer when, on August 1, 1982, he was again injured during a football practice, experiencing back and neck pain with right arm numbness. X-rays revealed degenerative arthrosis of the elbow; Dr. McNeill, his treating physician, diagnosed ulnar nerve entrapment and recommended surgery.

On November 6, 1982, six days before the scheduled surgery, claimant injured his back when he fell during a demonstration in a wrestling class. He reported pain in his right hand, elbow and shoulder. X-rays were taken, and McNeill concluded that there had been "no acute change in his elbow." This injury was accepted as nondisabling. On November 22, McNeill performed a neurolysis of the ulnar nerve at the right elbow, moving the ulnar nerve anteriorly. The Board agreed with the referee's determination that SAIF, and not EBI, is responsible for the elbow condition, because the sole cause of the need for surgery was degenerative changes related to the 1966 injury. Claimant argues that the Board erred, because the 1982 injuries produced additional injury to the nerve.

Claimant relies on the "presumption" that, when there are multiple accepted injuries involving the same body part, the last injury contributed independently to the condition. *See Industrial Indemnity Co. v. Kearns,* 70 Or Ap 583, 690 P2d 1068 (1984). The evidence shows that neither 1982 injury contributed to a worsening of the underlying elbow condition. The medical reports after both injuries show no change to the elbow as a result. After the August accident, McNeill diagnosed ulnar nerve entrapment, and that diagnosis did not

change after the November wrestling accident. At that time, McNeill reported no change in the elbow and noted a contusion to the right elbow, with a prognosis that the injury was "self-limiting" and that recovery should be uneventful.

In addition, the evidence shows that claimant had experienced the same problems with his elbow and hand before the 1982 incidents. McNeill indicated that claimant had reported limited motion of his elbow since the 1966 injury and had modified his activities as a result. He had also complained of numbness, tingling and weakness in his right hand beginning in June, before the August incident. He also made similar complaints regarding the arm and hand after the 1977 injury.

Claimant relies on the testimony of Dr. Long, who evaluated his medical progress in December, 1983. Long testified that the 1982 injuries did contribute "something" to the underlying condition. Although McNeill's 1982 report was ambiguous regarding the contribution of the subsequent injuries to claimant's elbow problem, his later reports clarified the ambiguity and concluded that the nerve entrapment was a result of the original injury. We find that conclusion more persuasive than Long's in the light of McNeill's ongoing treatment of claimant.

Affirmed.