In the Matter of the Compensation of
Forrest W. Bell, Claimant.
LIBERTY NORTHWEST
INSURANCE CORPORATION
and American Steel,
*Petitioners,*

*v.*

OREGON STEEL MILLS,
American Industries, Industrial Indemnity,
and Forrest W. Bell,
*Respondents.*

(88-08021, 88-08022, 88-08023,
88-08024; CA A64210)

805 P2d 741

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

John E. Snarskis, Portland, argued the cause and filed the brief for respondents Industrial Indemnity Company and American Industries.

Patric J. Doherty, Portland, waived appearance for respondent Oregon Steel Mills.

No appearance for respondent Forrest W. Bell.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

American Steel seeks review of a decision of the Workers' Compensation Board affirming the decision of a referee, acting as an arbitrator pursuant to ORS 656.307, as amended by Oregon Laws 1987, chapter 713, section 5, holding that it is responsible for claimant's compensable cervical and shoulder injury.

Claimant injured his cervical spine in 1978 while working for Gilmore Steel, the predecessor to Oregon Steel Mills. His claim was accepted. Claimant again injured his cervical spine in May, 1982, while working for American Industries, and Industrial Indemnity, as American Industries' workers' compensation carrier, was assigned responsibility for the claim. On April 14, 1987, while working for American Steel, claimant sustained an injury to his neck and to his shoulder, and his claim was accepted as nondisabling. He continued to experience pain, and doctors later diagnosed a cervical disc herniation. He filed another claim; all three employers denied responsibility, but conceded compensability. The Department of Insurance and Finance issued an order under ORS 656.307 designating a paying agent and referred the matter to an arbitrator.

The substance of the arbitrator's decision reads:

"There is much conflicting medical evidence in the record. In consideration of the totality thereof and the lay testimony offered at the hearing, I find claimant's accepted compensable industrial injury of April 14, 1987, independently and materially contributed to cause claimant's current condition and disability and his need for treatment. I note somewhat parenthetically that the immediately above finding was reached after nearly finding I was unconvinced that any one employment was the more likely cause of claimant's disability, certainly the latter three of which were employments that may have caused it.

*"CONCLUSIONS AND OPINION*

"The Facts above reflect I was persuaded that claimant's disability was caused by successive work-related exposures and that the employment and injury of April 14, 1987, is the most likely cause of his disability. Therefore, liability must be placed upon American Steel/Liberty."

The Board and this court review the arbitrator's decision pursuant to ORS 656.307(2), for errors of law:

"Review of the determination of the arbitrator by the board and by the Court of Appeals is limited to questions of law and is not thereafter subject to review by any other court or administrative body."

American Steel contends, relying on *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988), that the arbitrator's decision contains insufficient findings to determine whether the arbitrator applied the correct legal standard in shifting responsibility to American Steel when the weight of the medical evidence related claimant's condition to his 1982 injury, for which American Industries was responsible. The order is sufficient to permit our limited review under ORS 656.307(2).

Given the existence of multiple, accepted injuries to the cervical spine and the arbitrator's finding that the most recent accepted compensable injury in 1987 independently and materially contributed to cause claimant's current condition and disability and his need for treatment, the arbitrator applied the correct law in assigning responsibility to American Steel, claimant's employer at the time of that injury. *See Industrial Indemnity Co. v. Kearns,* 70 Or App 583, 690 P2d 1068 (1984); *see also Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). We do not review the arbitrator's findings, as petitioner would have us do, to determine whether they are supported by substantial evidence.

Affirmed.