Argued and submitted July 23, 2001, affirmed May 1, 2002

In the Matter of the Compensation of
Donald L. Webb, Claimant.

## SAIF CORPORATION
and Astoria Plywood Corporation,
*Petitioners,*

*v.*

## Donald L. WEBB,
EBI Insurance Co./Astoria Plywood Corporation,
and Lumbermen's Underwriter Alliance/
Astoria Plywood Corporation,
*Respondents.*

99-07552, 99-06457, 99-01887; A110994

45 P3d 950

Jerome P. Larkin argued the cause and filed the brief for petitioners.

Jerald P. Keene argued the cause and filed the brief for respondent EBI Insurance Co./Astoria Plywood Corporation.

Kenneth L. Kleinsmith argued the cause for respondents Lumbermen's Underwriting Alliance/Astoria Plywood Corporation. With him on the brief was Meyers, Radler, Bohy, Replogle & Miller.

Martin L. Alvey waived appearance for respondent Donald L. Webb.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, SAIF seeks judicial review of a Workers' Compensation Board order setting aside SAIF's denial of responsibility for claimant's right knee tricompartmental degenerative joint disease. SAIF argues that the Board erred when it assigned responsibility to SAIF under an "exception" to the presumption established in *Industrial Indemnity Co. v. Kearns*, 70 Or App 583, 690 P2d 1068 (1984). SAIF asserts that the Board should have applied the last injurious exposure rule to determine who was initially responsible for claimant's condition. We review for substantial evidence and errors of law, ORS 183.482(8)(a), (c), and affirm.

The material facts are undisputed. Claimant began working for employer, Astoria Plywood, in May 1955 and continued to work there until employer went out of business in 1991. At three different times during his employment, claimant injured his right knee. On each of those three occasions, a different carrier insured employer. The first injury, a twisted knee, occurred in 1971 and was accepted by SAIF. The second injury, a bruise, occurred in 1983 and was accepted by EBI. The last injury, a strain, occurred in 1987 and was accepted by Lumbermen's. Claimant was later diagnosed with degenerative joint disease, and it is not disputed that the condition is a consequential condition. Initially, all insurers denied compensability and responsibility.

In the early 1990s, claimant's attending physician, Dr. Swanson, stated that it was his medical opinion that although all of claimant's injuries contributed to his current condition, the 1971 SAIF injury and its resulting surgeries were the primary cause of claimant's degenerative condition. In 1998, claimant again saw Swanson who interpreted claimant's x-rays revealing increased degenerative changes. Swanson reiterated his opinion that the primary cause of claimant's current condition—degenerative joint disease—was the 1971 SAIF injury.

In March 1999, Swanson reported that the sprain that claimant had sustained in 1987 had resolved and did not contribute to claimant's degenerative joint disease. In May

1999, claimant was examined by Dr. Staver at the request of SAIF. Staver concluded that the 1971 SAIF injury was the major contributing cause of claimant's degenerative joint disease and that the 1983 EBI and 1987 Lumbermen's injuries played a very "minor role." Staver subsequently wrote that neither the 1983 nor 1987 injuries contributed to claimant's degenerative joint disease. Those were the only medical opinions addressing causation and responsibility.

■ At the hearing, all three insurers conceded compensability. Accordingly, the issue was responsibility. The administrative law judge (ALJ) determined that SAIF was responsible for claimant's degenerative joint disease based on the medical evidence that the 1971 SAIF injury was the major contributing cause of claimant's degenerative joint disease. The Board adopted and affirmed the ALJ's order with supplementation. The Board held that

> "the issue here is responsibility for the disputed right knee condition in the context of multiple accepted injuries. Under these circumstances, we apply the rebuttable presumption of [*Kearns*], unless the medical evidence establishes that an injury is the major contributing cause of the consequential right knee degenerative condition. *See Conner v. B&S Logging*, 153 Or App 354[, 957 P2d 159] (1998) * * *.

> "Here, we agree with the ALJ that the medical evidence establishes that the 1971 SAIF injury is the major contributing cause of claimant's consequential right knee condition. SAIF is, therefore, responsible for the current right knee degenerative condition under ORS 656.005(7)(a)(A)."

SAIF claims that the Board erred in holding it responsible for claimant's degenerative joint disease based on the major contributing cause standard, instead of relying on the last injurious exposure rule to assign responsibility among claims involving successive injuries to the same body part.[1] Specifically, SAIF argues that the Board erred in characterizing *Conner* as establishing an exception to the *Kearns*

---

[1] SAIF's characterization of the last injurious exposure rule is inaccurate. As we explain below, *Kearns*, on which the Board relied, involves the "last *injury* rule," not "last injurious exposure rule." The latter does not apply where, as here, there has been a succession of discrete (and, in this case, accepted) injuries to the same body part.

presumption because we were not assigning responsibility between insurers when we decided *Conner*. Both EBI and Lumbermen's argue that the Board's application of ORS 656.005(7)(a)(A)[2] was correct and that the Board properly refrained from applying the last injurious exposure rule under those circumstances, where one of three compensable injuries proved to be the major contributing cause of the disputed condition.[3] We agree with EBI and Lumbermen's.

In *Kearns*, we held that, where the claimant has had multiple compensable injuries to the same body part, a rebuttable presumption arises under which the last insurer is responsible for the claimant's compensable injury. We noted that the "last injury rule," which was at issue in *Kearns*, differed from the last injurious exposure rule:

> "Unlike the 'last injurious exposure rule,' under which the last employer would be liable if the work environment 'could have' caused the disability, the 'last injury rule' requires proof that the traumatic accident 'contributed independently' to claimant's disability, even though the contribution be slight. It is not sufficient to show that the last injury 'could have' contributed to claimant's disability." 70 Or App at 587.[4]

---

SAIF's effort to cast this case as a last injurious exposure rule case makes practical, if not legal, sense. Under that rule, if the employment at the "onset of disability" *could* have caused the condition, the employer (or carrier) on the risk at that time is responsible, regardless of whether that employment actually contributed to the causation of the condition. *See Reynolds Metals v. Rogers*, 157 Or App 147, 153, 967 P2d 1251 (1998), *rev den* 328 Or 365 (1999). Conversely, under the last injury rule, it is not sufficient to prove that the last injury *could have* caused the claimant's condition. Rather, the last injury must, in fact, contribute independently to the claimant's compensable condition.

In this case, as we describe below, substantial evidence supports the Board's determination that SAIF is not entitled—under the last injury rule or otherwise—to shift responsibility to a subsequent insurer.

[2] ORS 656.005(7)(a)(A) provides that "[n]o injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

[3] All parties agree that ORS 656.308(1) is inapplicable in this case because claimant's degenerative joint disease has not been previously accepted by any insurer. *See SAIF v. Yokum*, 132 Or App 18, 23, 887 P2d 380 (1994) ("[For ORS 656.308(1)] to be triggered, there must be an accepted claim for the condition, for which some employer is responsible. In an initial claim context, no employer is responsible until responsibility is fixed.") .

[4] The *Kearns* presumption was based on the then-current workers' compensation case law on successive injuries. At that time, if the last injury contributed even

In *Conner*, the Board applied the *Kearns* presumption. There the claimant injured his left knee while working for different employers. Liberty Northwest accepted the first injury for a strained and twisted knee, and Kemper Insurance Company accepted the second injury for a knee strain. The claimant later experienced ligament instability and degenerative changes and both insurers denied responsibility. The claimant appealed both denials but subsequently entered into a disputed claim settlement with Kemper that affirmed Kemper's denial. The claimant proceeded only against Liberty regarding the responsibility for the claimant's current condition. The ALJ held that the claimant had not established that the degenerative changes were the result of either injury and that the ligament instability was Kemper's responsibility. Accordingly, Liberty Northwest was held not responsible. The Board adopted and affirmed the ALJ's order and supplemented its decision by concluding that the case was governed by the *Kearns* presumption. *Conner*, 153 Or App at 356-57.

On judicial review, the claimant argued that the Board erred in applying the *Kearns* presumption because the case had been legislatively overruled and that substantial evidence did not support the Board's findings. We did not address claimant's argument concerning *Kearns* because we held that substantial evidence supported the Board's findings. In doing so, we said:

> "Although it is true that, by issuing a denial of responsibility only, Liberty has conceded the compensability of claimant's condition, Liberty could still contest causation. In order for Liberty to be held responsible for the [ligament

---

slightly to the claimant's condition, then the last employer was responsible. *Smith v. Ed's Pancake House*, 27 Or App 361, 364-65, 556 P2d 158 (1976). The law has changed substantially since *Kearns* was decided. First, in 1990, the legislature adopted ORS 656.005(7)(a)(A), which provides that a condition is compensable as a consequence of a compensable injury only if the compensable injury is the major contributing cause of the consequential condition. Second, in 1995, the legislature amended ORS 656.308(1) to provide that, for injuries involving the same condition, the first employer remains responsible unless an injury at a subsequent employer is the major contributing cause of the disability or need for treatment. Thus, the independent contribution test no longer appears to be correct. However, in this case, it is not necessary to determine whether the *Kearns* presumption has been legislatively overruled.

instability and degenerative changes], there must be sub-
stantial evidence in the record to support a finding that the
[Liberty] injury was the major contributing cause of the
consequential injury." *Conner*, 153 Or App at 358 (internal
citations omitted).

In this case, SAIF argues that, because we never
addressed the Board's reliance on *Kearns* in deciding
whether Liberty was responsible for claimant's additional
knee condition, *Conner* did not create an exception to the
*Kearns* presumption. Specifically, SAIF argues that, because
we never decided in *Conner* that evidence of a major contrib-
uting cause as to one employer would preclude the applica-
tion of the *Kearns* presumption in determining responsibil-
ity, the Board erred when it relied on *Conner* in that fashion.
We disagree.

Although SAIF is correct when it argues that we did
not address in *Conner* whether *Kearns* had been legislatively
overruled, it is incorrect insofar as it argues *Conner* was not a
responsibility case. In *Conner*, the claimant entered into a
disputed claim settlement with one of the two potentially
responsible insurers and proceeded only against one. The
issue in that case was which of the two insurers that had pre-
viously accepted injuries was responsible for the claimant's
condition. We said that, "[i]n order for Liberty to be held
*responsible* * * * there must be substantial evidence in the
record to support a finding that the [Liberty] injury was the
major contributing cause of the consequential injury." 153 Or
App at 358 (emphasis added). The remainder of our analysis
and reliance on ORS 656.005(7)(a)(A) occurred in the context
of determining responsibility for the condition. Our applica-
tion of the major contributing cause standard of ORS
656.005(7)(a)(A), therefore, was necessary to determine
responsibility in *Conner*.

Accordingly, when the evidence establishes that the
major contributing cause of a consequential condition is a
previously accepted compensable injury, resorting to the
judicially created *Kearns* presumption is unnecessary.
Employers with an accepted claim are liable for a consequen-
tial condition if the accepted injury is the major contributing
cause. ORS 656.005(7)(a)(A).

The undisputed medical evidence was that the 1971 SAIF injury was the major, if not the sole, contributing cause of claimant's consequential degenerative joint disease. Substantial evidence supports the Board's order holding that SAIF is responsible for claimant's degenerative joint disease.

Affirmed.