Argued and submitted November 4, 2004, reversed and remanded for reconsideration July 6, 2005

In the Matter of the Compensation of
Lloyd E. Garoutte, Claimant.

Lloyd E. GAROUTTE,
*Petitioner,*

*v.*

MAIL WELL CORP.,
*Respondent.*

02-02789; A121646

115 P3d 957

Donald M. Hooton argued the cause and filed the reply brief for petitioner. With him on the opening brief was William D. Okrent.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

**ARMSTRONG, J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the board erred in upholding employer's denial of his claim for degenerative arthritis in his left knee. We reverse and remand.

The facts are largely undisputed. Claimant has worked for employer since 1978. He compensably injured his left knee in 1984 while working for employer as a pressman. SAIF, employer's insurer at the time, accepted the claim and paid for arthroscopic surgery. The claim was closed in June 1986, with an award of 15 percent permanent partial disability. Claimant had no further problems with his knee until October 24, 2000, when he twisted it while working for employer. Employer's current insurer, GAB, accepted a left knee medial meniscus tear and also authorized and paid for surgery. The claim closed with an award of 12 percent permanent partial disability.

After claim closure, claimant requested that GAB amend its notice of acceptance to include degenerative arthritis "as either a new or omitted condition or as a consequential condition." *See* ORS 656.262(7) (1999).[1] GAB amended its acceptance to include a partial medial meniscus tear of the left knee but denied the arthritic condition, explaining that

---

[1] At the relevant time, ORS 656.262(7) (1999) provided, in part:

"(a) After claim acceptance, written notice of acceptance or denial of claims for aggravation or new medical conditions shall be furnished to the claimant by the insurer or self-insured employer * * *. New medical condition claims must clearly request formal written acceptance of the condition * * *. The worker must clearly request formal written acceptance of any new medical condition from the insurer or self-insured employer. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, so long as the acceptance tendered reasonably apprises the claimant and medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical condition claim at any time.

"(b) Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed.

"(c) * * * If a condition is found compensable after closure, the insurer or self-insured employer shall reopen the claim for processing regarding that condition."

the condition was not compensable, either as a consequence of the October 24, 2000, accepted injury under ORS 656.005(7)(a)(A), or as a condition that combined with the October 24, 2000, injury under ORS 656.005(7)(a)(B), because the major contributing cause of the condition was the 1984 injury and surgery. Employer stated:

> "The medical evidence indicates that your 'degenerative arthritis' is not a consequential condition of the October 24, 2000 accepted injury, and we are unable to accept this condition, ORS 656.005(7)(a)(A); we also are unable to accept the 'degenerative arthritis' claim under ORS 656.005(7)(a)(B)."

Claimant requested a hearing on employer's denial of the arthritic condition. An administrative law judge (ALJ) upheld the denial, as did the board.

It is undisputed that claimant's arthritis condition is work related. The parties also appear to agree that the arthritis condition is a new medical condition. Claimant sought to establish the compensability of the condition by proving that it was caused in major part by the successive compensable injuries and surgeries and that claimant's October 24, 2000, injury while GAB was on the risk independently contributed to the condition. GAB argued to the board that, "[a]s postured, the matter was strictly a dispute over whether GAB's notice of acceptance of the 2000 date of injury claim was incomplete or inadequate." It asserted that the claim was not an initial claim for the arthritis condition as an occupational disease but a request to accept the arthritis as a consequence of the specific October 24, 2000, injury. Necessarily, GAB asserted, the condition's compensability is dependent on its relationship to the October 24, 2000, accepted injury.

In affirming the order of the administrative law judge, the board agreed with GAB's analysis that, to establish the compensability of the arthritis as a new medical condition claim against GAB based on the theory that it is a consequential condition, claimant must establish that the condition is related to the October 24, 2000, injury. The board found that the arthritis was a consequential condition[2] and

---

[2] We note that the ALJ found that the arthritis was a combined condition but reasoned that it would not be compensable as either a combined or a consequential condition. ORS 656.005(7)(a)(A).

that the major contributing cause of the consequential condition was the first injury and surgery, which occurred while SAIF was employer's insurer. Having found that the major contributing cause of the consequential condition was the 1984 injury and surgery, the board reasoned that claimant had failed to establish the compensability of the concededly work-related condition *as to GAB*.

On review, claimant asserts that the board erred when it limited the inquiry to whether claimant had established a sufficient relationship between the arthritis condition and the October 24, 2000, injury for which only GAB was responsible and failed to consider whether the condition is compensable either as a consequence of the two compensable injuries together or as a separate occupational disease. In effect, claimant contends, the board's narrow focus permitted GAB to introduce into the dispute the question of its responsibility for a condition that is concededly work related without first having issued a denial of responsibility under ORS 656.308.[3]

■ We need not address whether the board's order raises issues under ORS 656.308. As we have said, the board analyzed claimant's arthritis condition as a consequential condition, ORS 656.005(7)(a)(A),[4] and found that the major

---

[3] ORS 656.308(2) provides, in relevant part:

"(a) Any insurer or self-insured employer who disputes responsibility for a claim shall so indicate in or as part of a denial otherwise meeting the requirements of ORS 656.262 issued in the 60 days allowed for processing of the claim. The denial shall advise the worker to file separate, timely claims against other potentially responsible insurers or self-insured employers, including other insurers for the same employer, in order to protect the right to obtain benefits on the claim. The denial may list the names and addresses of other insurers or self-insured employers. Such denials shall be final unless the worker files a timely request for hearing pursuant to ORS 656.319. All such requests for hearing shall be consolidated into one proceeding."

[4] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If an otherwise compensable injury combines at any time with a pre-existing condition to cause or prolong disability or a need for treatment, the

contributing cause of the condition was the 1984 injury and surgery. That finding is supported by substantial evidence. An injury is compensable if it arises out of and in the course of the employment, except that "no injury is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." *Id.* Claimant established that his arthritis condition is work related and that the major contributing cause of the condition is a compensable injury. He has, accordingly, established the compensability of the condition and has thereby avoided the exclusion described in ORS 656.005(7)(a)(A).

■     Contrary to the board's reasoning, it makes no difference that the claim was filed only against GAB. As we have held, a claimant may rely on the last injurious exposure rule of proof to establish the compensability of a claim against a single employer by showing that work conditions in general are the cause of the condition. *Bennett v. Liberty Northwest Ins. Corp.*, 128 Or App 71, 875 P2d 1176 (1994). To establish the compensability of the degenerative knee condition as a consequential condition under ORS 656.005(7)(a)(A), claimant was required to establish that "a compensable work injury" was its major contributing cause. He was not required to establish that the injury *accepted by GAB* was the major contributing cause of the condition. The board's reading of the statute would require inserting after "a compensable injury" the words "with the insurer against whom the claim is filed." We will not insert into a statute what has been omitted. ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). *See SAIF v. Henwood*, 176 Or App 431, 31 P3d 1096 (2001). Claimant met his burden.

Contrary to employer's assertion, both *Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 43 P3d 1101 (2002), and *SAIF v. Webb*, 181 Or App 205, 45 P3d 950 (2002), are distinguishable. In *Multifoods*, the employer accepted a combined condition involving a compensable injury and a

combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability or the combined condition or the major contributing cause of the need for treatment of the combined condition."

preexisting degenerative condition. The employer subsequently denied the combined condition after the compensable injury was no longer the major contributing cause of the combined condition. The court said that the claimant's preexisting degenerative condition had not been accepted outright but as a part of a combined condition and that a combined condition is compensable only if the new injury is the major contributing cause of the combined condition. *Multifoods*, 333 Or at 638. The court held that the employer's denial was consistent with ORS 656.262(6)(c), which provided that an employer may deny a combined condition if the otherwise compensable injury ceases to be the major contributing cause of the combined condition. *Id.* This case does not involve an accepted combined condition.

*Webb* is also distinguishable. In that case, the claimant filed a claim for a consequential condition after having suffered three successive injuries to his knee with the same employer but three separate insurers. The three insurers were joined and conceded the compensability of the claimant's consequential condition. The only issue was responsibility. The insurers had issued responsibility denials. The evidence established that the claimant's injury with SAIF was the major contributing cause of the consequential condition. We said that, where one of three compensable injuries proved to be the major contributing cause of the disputed condition, there was no need to apply the last injurious exposure rule to determine responsibility for the consequential condition. *Webb*, 181 Or App at 211-12. Here, in contrast, the only question is whether the consequential condition is compensable. Claimant has established that it is.

Reversed and remanded for reconsideration.